**UNITED STATES of America,**
**Appellee,**

v.

**Nathan WECHSLER et al., Appellant.**

**UNITED STATES of America,**
**Appellee,**

v.

**Sigmund GOLDBLATT, Appellant.**

**UNITED STATES of America,**
**Appellee,**

v.

**Robert C. COTTEN, Jr., Appellant.**

**UNITED STATES of America,**
**Appellee,**

v.

**A. Claiborne LEIGH, Appellant.**

**UNITED STATES of America,**
**Appellee,**

v.

**George FAIGEN and Seymour Faigen,**
**Appellants.**

**Nos. 12969–12973.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 7, 1969.

Decided Feb. 10, 1969.

David I. Shapiro, Washington, D. C. (Frank F. Flegal, and Dickstein, Shapiro & Galligan, Philip F. Herrick, Raymond W. Bergan, Washington, D. C., Leroy E. Batchelor, Arlington, Va., and Williams & Connolly, Washington, D. C., on brief) for appellants.

Gerald E. McDowell, Atty., Dept. of Justice (Edward T. Joyce, Atty., Dept. of Justice, and C. V. Spratley, Jr., U. S. Atty., on brief) for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

We affirm the order below denying motion for a new trial.

The District Judge elected to hear the motions on affidavits and failed to grant an oral evidentiary hearing although one was sought. In this context his remark from the bench that the evidence was in equipoise is ambiguous. We cannot fairly determine that credibility was resolved against the contention of defend-

ants—and thus must assume the contrary for purposes of this appeal.

The ground on which a new trial was sought is the discovery of new material evidence. At the trial Witness Peachey testified that Defendant Faigen said in a telephone conversation that to get favorable zoning it had been necessary to "pay through the nose". On cross-examination Peachey first said he didn't know what Faigen meant, but when pressed by counsel for defendants, offered the opinion Faigen meant it had been necessary to bribe a member of the zoning board who was *not* named in the indictment.

Defendants offered the District Court, in support of the motion for new trial, the affidavit of Mrs. Peachey, now estranged from her husband, to this effect: that she heard her husband's end of the conversation with Faigen, and that after it was over Peachey said he understood Faigen to mean simply that the developers would have to reduce the number of units to be built in order to get favorable zoning.

The new evidence does not even impeach but instead corroborates Peachey's testimony that Faigen said they had to "pay through the nose". It offers only a different opinion as to what Faigen may have meant. The first interpretation—pulled out of Peachey by defense counsel on cross-examination, in the peculiar complexity of this trial, was thought to be favorable to the defendants. The second interpretation is merely more so. What Faigen meant was, of course, for the jury. What Peachey may have thought he meant is collateral to a sub-issue of fact.

The granting of a new trial is within the sound discretion of the trial judge who has a far greater familiarity with the entire record than have we. We cannot say he has abused his discretion. See: Barron and Holtzoff, Fed. Practice and Procedure, Section 2282 (Wright Edit.).

Affirmed.