**UNITED STATES of America,
Appellee,**

v.

**James Harvey JOHNSON, aka
"Dinky," Appellant.**

**No. 73–1341.**

United States Court of Appeals,
Fourth Circuit.

Submitted Oct. 30, 1973.

Decided Dec. 4, 1973.

Thomas Ward, Baltimore, Md., on brief, for appellant.

George Beall, U. S. Atty., and Jeffrey S. White, Asst. U. S. Atty., on brief, for appellee.

Before BOREMAN, Senior Circuit Judge, and WINTER and CRAVEN, Circuit Judges.

PER CURIAM:

James Harvey Johnson appeals from the district court's denial of his motion for a new trial based upon newly discovered evidence pursuant to Rule 33 of the Federal Rules of Criminal Procedure.

In 1968 Johnson was convicted of bank robbery along with three codefendants. This court affirmed his conviction in 1971. United States v. Johnson, No. 14,476 (4 Cir. March 9, 1971).

After pleading guilty to one count, a codefendant, Louis Floyd, testified for the Government and implicated Johnson as the driver of the getaway car. Floyd's testimony, unshaken on vigorous cross-examination, was an important part of the Government's case against the appellant, although there was additional corroborative evidence.

In August 1971 appellant moved for a new trial. Accompanying his motion was an affidavit executed by Floyd, wherein Floyd completely recanted his

prior testimony insofar as it implicated the appellant. Floyd, who had been jailed shortly after the robbery, stated in that affidavit that he was coerced into fabricating a story against the appellant.

A hearing on the motion was held before the district judge who had presided at the trial. Floyd and another codefendant, John Colkley, who had not testified at the trial, were among the witnesses offered by the appellant in support of his claim of newly discovered evidence. Despite his testimony at the hearing that he continued to take drugs while in jail, Floyd testified that he was driven by drug withdrawal pains to say almost anything in response to promises of medical attention and leniency allegedly held out by F.B.I. agents and the prosecutor.

At the conclusion of the hearing the district court issued an oral opinion, wherein, after reviewing and weighing all the evidence, it found the newer version of the robbery as set out by Floyd and Colkley to be unbelievable. Being satisfied that the testimony of Floyd at the trial had been truthful, the court denied the motion for a new trial, applying the standard set out in Larrison v. United States, 24 F.2d 82, 87–88 (7 Cir. 1928).

The Government has responded to Johnson's appeal by moving for summary affirmance of the district court's order denying the motion. We find this appeal to be devoid of merit and summarily affirm.

■ We note at the outset that the findings of the district court made on a motion for a new trial based on newly discovered evidence are entitled to great weight at the appellate level and should not be disturbed unless it clearly appears that they are not supported by the evidence. United States v. Johnson, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562 (1946); United States v. Gantt, 298 F.2d 21 (4 Cir. 1962); Jones v. United States, 279 F.2d 433 (4 Cir. 1960). Rather than retrack each of the findings below, we will simply point out some of the areas in which the appellant's evidence presented substantial questions of credibility.

■ Where a motion for a new trial is based upon recantation of testimony given at the trial, such recantation is "looked upon with the utmost suspicion." United States v. Lewis, 338 F.2d 137, 139 (6 Cir. 1964); United States v. Troche, 213 F.2d 401, 403 (2 Cir. 1954).

■■ The district court took proper notice of the suspicious circumstances surrounding Floyd's recantation, United States v. Persico, 339 F.Supp. 1077 (E. D.N.Y.), aff'd, 467 F.2d 485 (2 Cir. 1972), noting that Floyd's affidavit was executed more than two and one-half years after the trial began but only four months after this court affirmed the conviction of the appellant, that Johnson, Colkley, and Floyd were inmates together at Lewisburg for a number of years, and, in effect, that there was reason to suspect that appellant had exerted substantial pressure on Floyd to withdraw his incriminating testimony. Where the circumstances surrounding the recantation suggest it is the result of coercion, bribery, or misdealing the district court is justified in disregarding it. United States v. Aviles, 197 F. Supp. 536 (S.D.N.Y.1961), aff'd, 315 F. 2d 186 (2 Cir. 1963), remanded on other grounds, 375 U.S. 32, 84 S.Ct. 24, 11 L. Ed.2d 106 (1963), aff'd, 337 F.2d 552 (2 Cir. 1964), cert. denied, 380 U.S. 906, 85 S.Ct. 885, 13 L.Ed.2d 794 (1964).

The district judge also properly drew upon the knowledge and observations gained by having presided at the original trial in evaluating the evidence presented at the hearing. See United States v. Johnson, supra. He recalled that Floyd's trial testimony as to appellant's involvement was generally quite impressive and especially unshakeable on cross-examination. Further, the court noted that Floyd's present version of the various pretrial interviews he had had with the F.B.I. agents and the prosecutor conflicted in many important details

with that given by the other participants, and that several of the contradictions were exposed during his cross-examination at the hearing.

▮ Colkley's testimony, intended to bolster the testimony of Floyd as to appellant's noninvolvement, was found similarly incredible and contrived. For example, in earlier statements to the F.B.I. Colkley had implicated appellant in a number of other bank robberies but at the hearing he too recanted his prior statements, excluding appellant from each of those episodes. Colkley's cross-examination produced a stream of contradictions. Our review of the record and of the findings of the lower court discloses ample support for the court's conclusion that the revised stories of Floyd and Colkley were unbelievable and that Floyd's testimony at the trial was truthful as to appellant's involvement in the robbery.

▮ Appellant's counsel, at appellant's insistence, presents the following claim on appeal. Appellant argues that certain bullets which were alleged to have been given by him to a Miss Burriss and thence to an F.B.I. agent were improperly used against him at the trial as circumstantial evidence of his participation. He points to Colkley's testimony at the hearing as showing that it was Colkley who gave the bullets to Burriss; he further claims that the F.B.I. agent's testimony was untruthful as to the time and place of the agent's receipt of the bullets from Burriss. This issue has no merit. The district judge found Colkley to be generally unworthy of belief. Burriss testified at the trial that the appellant had given her the bullets to keep the police from finding them. Any attack on the F.B.I. agent's testimony at the trial goes to a question of credibility not properly cognizable on a motion for new trial. Robinson v. United States, 345 F.2d 1007 (10 Cir.), cert. denied, 382 U.S. 839, 86 S.Ct. 87, 15 L.Ed.2d 81 (1965); Meyers v. United States, 207 F.2d 413 (4 Cir. 1953).

We have considered other assignments of error and find them to be frivolous, not meriting discussion. We conclude that the district court was correct in both its assessment of the evidence and application of the law. The Government's motion for summary affirmance is granted.

Affirmed.