UNITED STATES of America

v.

Gary H. DWORKIN, M.D.

Crim. No. 87–0140M–01.

United States District Court,
E.D. Virginia,
Richmond Division.

April 16, 1987.

N. George Metcalf, Asst. U.S. Atty., Office of U.S. Atty., Richmond, Va., for U.S.

S. Keith Barker, Richmond, Va., for defendant.

## MEMORANDUM

DAVID G. LOWE, United States Magistrate.

The Court is in receipt of defendant's motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. The United States of America has not responded to the motion.

### I. FACTS

On August 16, 1986, defendant, Gary H. Dworkin, was issued a violation notice for parking in a space reserved for the physically disabled at the McGuire Veterans' Administration Hospital in Richmond, Virginia. At his trial in the United States District Court, he pled not guilty. In his defense, Dr. Dworkin testified that he was a heart surgeon and that on the day of the incident he had just completed a heart transplant operation. He stated that he left the hospital but enroute home, received a "pager" message to respond to an emergency at the hospital. Defendant testified that he knew that the emergency probably involved his heart patient, so he turned the car around and hurried back to the hospital. He continued that, in his haste to get a parking space next to the intensive care unit (ICU), he mistakenly parked in a space reserved for the physically disabled; he rushed into the hospital and, along with his staff of junior residents, rescued the patient from certain death. Defendant testified that "if I had not chosen that closer space my patient would have been dead. There is no question in my mind." He added that approximately once a month a patient expires because a physician cannot obtain a good parking space close to the ICU. On the basis of defendant's testimony about the emergency, the Court found him not guilty on October 8, 1986.

### II. DISCUSSION

Defendant's current motion for a new criminal trial was filed on April 13, 1987. It is unique. Normally, a defendant files a motion for a new criminal trial because he wishes the court to set aside a verdict of guilty and have the court grant a new trial, in the hopes of being found not guilty at the second trial. See, e.g., *United States v. Arrington*, 757 F.2d 1484 (4th Cir.1985); *United States v. Shipp*, 409 F.2d 33 (4th Cir.1969). Defendant seeks a new trial on grounds that he should have been found guilty and he insists on his right to set the record straight.

■ Defendant's dramatic testimony of October 8, 1986, is currently the subject of a federal perjury investigation. See 18 U.S.C. §§ 1621 to 1623. It is apparent that the motion for a new trial is nothing more than a thinly veiled attempt to avoid a perjury charge by what defendant erroneously believes would be an effective recantation of his original trial testimony.[1] In any event, the subsequent recantation of testimony by a material witness sufficient to change the disposition of a criminal trial may be a ground for a new trial pursuant to Rule 33 of the Federal Rules of Criminal

---

1. 18 U.S.C. § 1623(d) states:

   (d) Where, in the same continuous court or grand jury proceeding in which a declaration is made, the person making the declaration admits such declaration to be false, such admission shall bar prosecution under this section if, at the time the admission is made, the declaration has not substantially affected the proceeding, or it has not become manifest that such falsity has been or will be exposed. 18 U.S.C. § 1623(d).

   Even if a new trial were granted and if defendant admitted he lied in his prior testimony, the recantation would be too late to benefit from 18 U.S.C. § 1623(d)'s bar to prosecution for perjury. 18 U.S.C. § 1623(d) lists two temporal requirements that defendant cannot satisfy in order to avoid prosecution for perjury: (1) the recantation must be made before the prior false testimony has substantially affected the relevant proceeding, and (2) it must be made before it has become manifest that the falsity of the prior testimony has been or will be exposed. *United States v. Scivola*, 766 F.2d 37, 45 (1st Cir.1985). See also *United States v. Denison*, 663 F.2d 611, 615 (5th Cir.1981); *United States v. Moore*, 613 F.2d 1029, 1043 (D.C.Cir.1979), cert. denied, 446 U.S. 954, 100 S.Ct. 2922, 64 L.Ed.2d 811 (1980); *United States v. Crandall*, 363 F.Supp. 648, 645–55 (W.D.Pa.1973), aff'd, 493 F.2d 1401 (3d Cir.), cert. denied, 419 U.S. 852, 95 S.Ct. 94, 42 L.Ed.2d 83 (1974).

Procedure.[2] See, *e.g., United States v. Krasny,* 607 F.2d 840 (9th Cir.1979), cert. denied, 445 U.S. 942, 100 S.Ct. 1337, 63 L.Ed.2d 775 (1980); *United States v. Jackson,* 579 F.2d 553 (10th Cir.1978), cert. denied, 439 U.S. 981, 99 S.Ct. 569, 58 L.Ed.2d 652 (1978); *Mastrian v. McManus,* 554 F.2d 813 (8th Cir.1977), cert. denied, 433 U.S. 913, 97 S.Ct. 2985, 53 L.Ed.2d 1099 (1977).[3]

The elements for granting a new trial based on recantation of a material witness are as follows:

> (a) The Court must be reasonably well satisfied that the testimony given by a material witness was false; (b) that without it the jury might have reached a different conclusion; and (c) that the party seeking the new trial was taken by surprise when the false testimony was given or did not know of its falsity until after the trial.

*United States v. Wallace,* 528 F.2d 863, 866 (4th Cir.1976); *Gordon v. United States,* 178 F.2d 896, 900 (6th Cir.1949), cert. denied, 339 U.S. 935, 70 S.Ct. 664, 94 L.Ed. 1353 (1950); *Larrison v. United States,* 24 F.2d 82, 87–88 (7th Cir.1928).

■ The Court is reasonably well satisfied that defendant's trial testimony was false and material, and that, without it, the Court would have reached a verdict of guilty instead of not guilty. But it is also apparent that, because the testimony was his own, defendant was not taken by surprise. More importantly, defendant knew very well that he was testifying falsely

before the end of the trial. The failure to meet the third element of the *Wallace* requirements is fatal to defendant's motion for a new trial. *United States v. Carmichael,* 726 F.2d 158, 159 (4th Cir.1984); *United States v. Johnson,* 487 F.2d 1278, 1279 (4th Cir.1973).[4]

For the reasons stated herein, defendant's motion for a new criminal trial is DENIED. Fed.R.Crim.P. 33.

And it is so ORDERED.

---

2. It is not clear whether defendant may be asserting newly discovered evidence as grounds. If so, the motion for a new trial could not be granted. A defendant must establish five elements to obtain a new trial on the grounds of newly discovered evidence: (1) the evidence must have been discovered after the trial; (2) the movant must have been diligent in its discovery; (3) the evidence may not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such as would probably produce an acquittal. *Mills v. United States,* 281 F.2d 736, 738 (4th Cir.1960); *United States v. Yosuf,* 508 F.Supp. 24, 26 (E.D.Va.1980). Obviously the testimony defendant would proffer at a new trial would not be such as would probably produce an acquittal. *Mills,* 281 F.2d at 738.

3. Defendant asserts that he would present evidence "which would indicate that his previous testimony about a life-saving procedure was in error as to the nature of the life-saving surgery and a 24–hour mistake as to the time that it took place."

4. A Rule 33 motion for a new trial based upon recantation of trial testimony is looked upon with the utmost suspicion and the trial court's discretion must be exercised sparingly. *United States v. Arrington,* 757 F.2d 1484, 1486 (4th Cir.1985); *United States v. Johnson,* 487 F.2d 1278, 1279 (4th Cir.1973) (quoting *United States v. Lewis,* 338 F.2d 137, 139 (6th Cir.1964)).