972 F.2d 343
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Edward ISLEY, Defendant-Appellant.
 No. 92-6225.
 United States Court of Appeals,
Fourth Circuit.
 Argued: July 6, 1992
Decided: August 10, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Richard L. Williams, Senior District Judge. (CR-84-115, CA-91-1666-A)
 ARGUED: Michael S. Lieberman, Dimuro, Ginsberg & Lieberman, P.C., Alexandria, Virginia, for Appellant.
 Donald Campbell Lockhart, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 ON BRIEF: Nancy T. Lord, Atlanta, Georgia, for Appellant.
 Richard Cullen, United States Attorney, John Smeltzer, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 Affirmed.
 Before WILKINSON, LUTTIG, and WILLIAMS, Circuit Judges.
 
 OPINION
 PER CURIAM
 
 1
 Edward Isley was found guilty of murder. Having previously failed twice in attempts to secure a new trial, Isley now petitions to have his conviction overturned pursuant to 28 U.S.C. § 2255. We find no merit to his claims and affirm the judgment of the district court.
 
 I.
 
 2
 Edward Isley, along with co-defendants Andre Bowlding and Jerome Fields, was convicted by a federal jury on August 9, 1984 of murdering, and conspiring to murder, a fellow inmate at Lorton Reformatory, Tyrone Jenkins. Three inmates, Michael Allison, Charles Bailey, and Anthony Richardson, testified for the government at the trial of this case.
 
 
 3
 Isley initially moved for a new trial based upon insufficiency of the evidence, prosecutorial misconduct when the government made an erroneous statement during the opening argument, and error in allowing amendment of the indictment. The district court denied the motion and this court affirmed. United States v. Isley, No. 84-5298 (4th Cir. July 11, 1985) (per curiam).
 
 
 4
 In 1987, Isley again moved for a new trial, based upon newly discovered evidence. In support of this motion, Isley offered the unsworn transcript of a private investigator's 1986 interview with Charles Bailey in which Bailey recanted his trial testimony, saying that it was based on rumors and not on personal observation. Isley also offered evidence that Bailey's recollection of a conversation between the defendants had changed before trial, although Bailey did not testify as to this conversation at trial. The district court again dismissed the petition and this court affirmed. United States v. Isley, Nos. 87-6606, 87-7335 (4th Cir. June 6, 1989) (per curiam). However, this court declined to address one piece of evidence offered by Isley on the grounds that it had not been filed within the time allowed for new trial motions. That evidence was the letter written by Assistant United States Attorney Karen Tandy on Allison's behalf to the D.C. Parole Board dated September 26, 1984. This court specifically noted that its decision was without prejudice to Isley's right to bring the matter to the district court's attention by filing a § 2255 motion.
 
 
 5
 In this § 2255 proceeding, petitioner claims that the government secured his conviction by the knowing use of perjured testimony and that he was denied effective assistance of counsel. In addition, petitioner claims that the trial court wrongfully withheld from him the names of adverse witnesses. Finally, he claims that the grand jury testimony of one of those witnesses was improperly sealed during his § 2255 proceeding. The district court rejected these contentions, and Isley now appeals.
 
 II.
 
 6
 Petitioner levels various charges at the testimony of both Allison and Bailey. He alleges that the government procured false testimony when Allison testified at trial that he was scheduled to be released on August 28, 1984, when in fact he was not scheduled to be released until November 1, 1984. Isley claims that the government knew, or should have known, that this testimony was false. Petitioner also contends that Allison testified falsely with the connivance of the government when Allison stated that he did not have a deal with the prosecuting attorney. According to petitioner, Allison's testimony is refuted by Assistant United States Attorney Karen Tandy's letter to the D.C. Parole Board on Allison's behalf. In response, the United States offers the affidavit of AUSA Tandy stating she believed at the time of trial that Allison would be released on August 28, 1984 and that she found out some time after trial that he had not been released. She then wrote the letter recommending early release for Allison. According to AUSA Tandy, at no time before or during the trial did she promise Allison to write on his behalf.
 
 
 7
 Petitioner's allegations suffer from facial implausibility. The risk to the government from any procurement of false testimony about Allison's parole date would have been enormous, since Allison's parole date was certain to be found out. Conversely, any benefit the government could offer Allison for any purpose would be de minimis, since Allison was due to be paroled shortly (November 1) in any event. Any incentive the government possessed not to disclose the socalled agreement to the jury is also unclear, since the jury would likely conclude that a person due to be paroled shortly would have little reason to shade his testimony to please the government. The district court found that the government's explanation of this matter was consistent with the evidence in the record and that no benefit had been offered to Allison in exchange for his testimony. That court was familiar both with the trial and all of the participants in it. The speculative evidence offered by petitioner is insufficient to disturb the trial court's determination. In order to demonstrate prosecutorial misconduct, petitioner must show that the prosecutor knew that the testimony was false. United States v. Griley, 814 F.2d 967, 971 (4th Cir. 1987). As the trial court noted, "petitioner's evidence does not begin to establish, to any degree of certainty, that Michael Allison committed actual perjury or that the United States was aware of this transgression."*
 
 
 8
 Petitioner's complaints about Bailey's testimony are no more persuasive. Bailey has once again recanted his trial testimony, this time in a sworn statement. Unfortunately for petitioner's case, this belated recantation differs from the last one, doing little to enhance petitioner's claim. The district court correctly viewed Bailey's latest version, offered seven years after trial, with suspicion. See United States v. Johnson, 487 F.2d 1278, 1279 (4th Cir. 1973). That court's finding that Bailey's trial testimony was accurate and uncoerced is amply supported by the record.
 
 
 9
 As an alternative to vacating his conviction, Isley argues that he at least is entitled to an evidentiary hearing on the issue of Allison and Bailey's testimony. We believe that the district judge was within his discretion in declining to hold an evidentiary hearing, given that he had presided over Isley's original trial, as well as Isley's motion for a new trial. Under these circumstances, a hearing was not required. See Aleman v. United States, 878 F.2d 1009, 1012 (7th Cir. 1989).
 
 III.
 
 10
 Isley's remaining claims warrant little discussion. With respect to Isley's claim of ineffective assistance of counsel, we find nothing to contradict the trial court's finding that "Isley's attorneys performed perfectly well in light of their trial strategy and in no way denied the Petitioner his right to a fair trial."
 
 
 11
 Petitioner also argues that the district court erred when it ordered counsel not to reveal the names of inmate witnesses to their clients before trial. We disagree. The government was not obliged to disclose the information until after the witnesses had testified on direct examination. 18 U.S.C. § 3500(b). The trial court permissibly exercised its discretion to protect the safety of the inmate witnesses. Petitioner's counsel knew the names of the witnesses and were able to prepare for cross-examination. Moreover, counsel were able to discuss the statements with their clients, though they could not reveal to the defendants the witnesses' names. The district court obviously committed no error in protecting those whose safety may have been endangered had their identity been known to defendants before trial.
 
 
 12
 Finally, with respect to the sealing of Bailey's grand jury testimony, petitioner has not demonstrated the "strong showing of particularized need" necessary to justify disclosure under Fed. R. Crim. P. 6(e)(3)(C)(i). United States v. Sells Engineering, Inc., 463 U.S. 418, 443 (1983). The issue of Bailey's testimony had already been litigated in an earlier collateral proceeding, and petitioner's skeletal motion offered no basis to the district court to reconsider its earlier order permitting the government to seal Bailey's grand jury testimony in the instant proceeding.
 
 IV.
 
 13
 For the above reasons, the judgment of the district court is
 
 
 14
 AFFIRMED.
 
 
 
 *
 Petitioner quotes Special AUSA De Costa's opening statement at trial-"the government has agreed to write letters to a parole board telling the parole board that these three witnesses cooperated with the government" -as evidence that there was a deal for Allison's testimony. This statement was not presented to the district court, despite having been available for eight years. In any event, the government did have agreements with Bailey and Richardson, and the other evidence in the record supports the government's characterization of De Costa's "misstatement." The trial court's conclusion that there was no deal with Allison is supported by the record