986 F.2d 1415
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Jerry BURKES, a/k/a Gary Burkes, Defendant-Appellant.
 No. 91-6646.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 10, 1992
Decided: February 17, 1993
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (CR-89-205-TSC)
 Jerry Burkes, Appellant Pro Se.
 Hunter P. Smith, Jr., Assistant United States Attorney, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED.
 Before PHILLIPS, WILKINS, and HAMILTON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jerry R. Burkes appeals from the district court's denial of his motion for a new trial based on newly discovered evidence under Fed. R. Crim. P. 33. There was no abuse of discretion by the district court, and we therefore affirm.
 
 
 2
 Jerry Burkes was convicted of possession with intent to distribute and distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) (1988). At his trial, the Government presented the testimony of one Teddy Lacey, who testified that he had sold cocaine to Burkes in the course of his service as an undercover informant for Government investigators. Lacey later recanted his testimony in handwritten notes and typewritten letters and affidavits sent to Burkes in prison.
 
 
 3
 Burkes filed this motion seeking a new trial based on newly discovered evidence pursuant to Fed. R. Crim. P. 33. At the hearing on the motion, Lacey stated that he wrote one of the notes because his life was threatened by fellow inmates, due to the fact that he had testified against Burkes at trial, and that he had been told to do so by a prison orderly to ease the tension. Lacey also testified about the typewritten letters which he signed but stated he did not author. He stated that the contents of the letters, recanting his trial testimony, were false.
 
 
 4
 The district court may grant a new trial based upon a witness's recantation only when (a) the court is satisfied that the testimony given by a material witness is false; (b) the jury might have reached a different conclusion without the recanted testimony; and (c) the party seeking the new trial was taken by surprise when the testimony was given and could not know of its falsity until after the trial. United States v. Wallace, 528 F.2d 863, 866 (4th Cir. 1976), quoting Larrison v. United States, 24 F.2d 82, 87-88 (7th Cir. 1928).
 
 
 5
 There was no abuse of discretion in the district's courts denial of the motion for new trial in this case. See United States v. Wechsler, 406 F.2d 1032 (4th Cir. 1969) (abuse of discretion standard for review of denial of Rule 33 motions). The court properly looked upon the recantation with suspicion, see United States v. Johnson, 487 F.2d 1278, 1279 (4th Cir. 1973), and concluded that it was unbelievable. Id. (motion properly denied where evidence supported conclusion that revised story was unbelievable and the trial testimony truthful). The court's refusal to find the recanted testimony to be false is supported by the evidence at the hearing, as well as at trial.
 
 
 6
 Because Burkes failed to satisfy the first prong of the test for granting a new trial under these circumstances, the district court's order is affirmed. See United States v. Carmichael, 726 F.2d 158, 159 (4th Cir. 1984)(failure to meet any one of requirements fatal to Rule 33 motion); United States v. Johnson, 487 F.2d at 1279 (motion unreviewable unless wholly unsupported by the evidence).
 
 
 7
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED