4 F.3d 987
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Gerald GREEN, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Roosevelt Montie RAINES, a/k/a Marty Raines,
Defendant-Appellant.
 Nos. 92-5735, 92-5743.
 United States Court of Appeals,
Fourth Circuit.
 Argued: July 27, 1993.
Decided: August 20, 1993.
 
 Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. Frank W. Bullock, Jr., Chief District Judge. (CR-92-96-G)
 Argued: Susan Hayes, Greensboro, North Carolina, for Appellants. David Bernard Smith, Assistant United States Attorney/Senior Litigation Counsel, Greensboro, North Carolina, for Appellee.
 On Brief: Robert Andrew Ford, Elrod & Lawing, P.A., Greensboro, North Carolina, for Appellant Green;
 Michael B. Shankle, High Point, North Carolina, for Appellant Raines.
 Benjamin H. White, Jr., United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before RUSSELL, WIDENER, and HALL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Gerald Green and Roosevelt Raines appeal the district court's denial of their motions for a new trial based upon newly discovered evidence. We affirm.
 
 I.
 
 2
 According to the government's theory of the case, the appellants were members of a large narcotics conspiracy that purchased crack cocaine in New York City and distributed it in Greensboro, North Carolina.
 
 
 3
 The alleged conspirators were tried in three separate proceedings. In the instant case, the government filed a six-count indictment against Gerald Green, Johnny Butcher, and Roosevelt Raines. The first count alleged that Green, Butcher, Raines, and eleven others conspired to distribute crack cocaine and to possess crack cocaine with the intent to distribute in violation of 21 U.S.C.Secs. 846 & 841(a)(1). Count Two alleged that Raines, a convicted felon, had possessed a firearm in violation of 18 U.S.C. Sec. 922(g)(1). Counts Three through Six alleged additional narcotics and firearms violations.
 
 
 4
 The trial began on July 13, 1992. The government proffered numerous witnesses, including several alleged co-conspirators, to testify about the defendants' involvement in the conspiracy. Willie Pearson testified that he rented a house at 907 High Street in Greensboro, from which members of the conspiracy distributed crack cocaine. Pearson also testified that Raines repeatedly attempted to sell firearms to members of the conspiracy, particularly Roosevelt Broadus. Green's roommate Gary Grannum testified that Green discussed narcotics sales with other conspirators and that Grannum and Green had frequently driven to New York to purchase crack. Michael Donovan testified that Green had driven Donovan and Grannum to other cities to collect money from drug sales and that Green allowed Donovan to use his apartment to "cut up" large quantities of crack. Dexter Hinton testified that he frequently sold crack for both Green and Grannum. Finally, Neville Brooks also testified about the AK-47 that Raines was alleged to have possessed.
 
 
 5
 All three defendants took the stand in their own defense, and, met with varying degrees of success. Butcher was acquitted of all the charges. Green was convicted of Count One (conspiracy to possess crack with the intent to distribute) and acquitted of the other charges. Raines was convicted of Count Two (possession of a firearm by a convicted felon) and was acquitted of the other charges.
 
 
 6
 On September 4, 1992, during the sentencing hearing of three of Green and Raines' co-conspirators (Roosevelt Broadus, Robert Gaines, and James Sidberry) [the "Broadus sentencing"], Pearson recanted some of the testimony he had given during Green and Raines' trial. The essence of Pearson's recantation was that he lied about Green's involvement in the conspiracy during Green and Raines' trial, and that these lies were told at the direction of the U.S. Attorney's office. Pearson also stated that he "told no lies" about Raines.
 
 
 7
 When Green and Raines learned of Pearson's recantation, they filed a Fed. R. Crim. P. 33 motion for a new trial based upon newly discovered evidence. The government responded by filing affidavits from the prosecutors stating that the testimony was not false, and, therefore, they had not knowingly used perjured testimony.
 
 
 8
 On October 16, 1992, the district court denied the appellants' motions, ruling (a) Pearson's trial testimony was more credible than his subsequent recantation, i.e., that if Pearson committed perjury, it was during the Broadus sentencing rather than Green and Raines' trial; (b) the government had not knowingly used perjured testimony; and (c) even if Pearson's trial testimony was false, it had not affected the jury's verdict. Raines was then sentenced to 195 months of imprisonment, Green, to 114 months. They appeal.
 
 II.
 
 9
 This Court established the legal standard for a motion for a new trial based upon a material witness's recantation of his or her testimony in United States v. Wallace, 528 F.2d 863, 866 (4th Cir. 1976). Under Wallace, the district court should grant a new trial if:
 
 
 10
 (a) The court is reasonably well satisfied that the testimony given by a material witness is false.
 
 
 11
 (b) That without it the jury might have reached a different conclusion (emphasis in original).
 
 
 12
 (c) That the party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after the trial.
 
 
 13
 Id. at 866 (quoting Larrison v. United States, 24 F.2d 82, 87-88 (7th Cir. 1928); United States v. Carmichael, 726 F.2d 158, 159 (4th Cir. 1984) (same). The failure to meet any one of the Wallace test's three prongs is fatal. Id. at 159 (relying on United States v. Johnson, 487 F.2d 1278 (4th Cir. 1973)). The district court's ruling is reviewed for abuse of discretion. United States v. Wechsler, 406 F.2d 1032, 1033 (4th Cir. 1969).
 
 
 14
 The district court did not abuse its discretion when it denied the appellants' motion. Post-trial recantations of testimony are "looked upon with the utmost suspicion." Johnson, 487 F.2d at 1279 (citations omitted); see also United States v. DiPaolo, 835 F.2d 46, 49 (2d Cir. 1987) (same); United States v. Castano, 756 F.Supp. 820, 824 (S.D. N.Y. 1991) (recantation is particularly suspect if recanting witness had already been sentenced-as Pearson had been). The district judge presided over both the Broadus sentencing and Green and Raines' trial, and, therefore, was in the best position to judge Pearson's credibility. Based upon this record, we cannot disagree with the court's decision to discredit the recantation. Because the appellants failed to satisfy the first prong of Wallace, the denial of their motion was not an abuse of discretion.* Carmichael, 726 F.2d at 159 (citations omitted).
 
 
 15
 We have examined the appellants' other arguments and find them to be without merit. The district court's ruling is affirmed.
 
 AFFIRMED
 
 
 *
 Appellants' claim that the government knowingly sponsored perjured testimony fails for the same reason-the district court's factual finding that Pearson's trial testimony was not false. Based on the record, we cannot say that this conclusion was clearly erroneous