07-3359-op
Haouari v. United States

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT


August Term 2007

(Submitted: September 4, 2007    Decided: December 17, 2007)

Docket No. 07-3359-op

-----------------------------------------------------x

MOKHTAR HAOUARI,

                    Petitioner,

              – v. –

UNITED STATES OF AMERICA,

                    Respondent.



-----------------------------------------------------x

B e f o r e :  WALKER, CALABRESI, and SACK, Circuit Judges.

        Before the Court is a motion requesting an order authorizing the United States District Court for the Southern District of New York to consider a second or successive 28 U.S.C. § 2255 motion. It is based on an unsworn, conclusory letter of recantation from a witness who was one of petitioner's co-conspirators before he, the witness, decided to cooperate with the government and testify against the defendant at the trial six years ago.

The motion is DENIED without prejudice.

JOYCE C. LONDON, New York, N.Y., for Petitioner.

BENJAMIN NAFTALIS, Assistant United States Attorney for the Southern District of New York, New York, N.Y., for Respondent.

JOHN M. WALKER, JR., Circuit Judge:

On July 13, 2001, petitioner Mokhtar Haouari was convicted after a jury trial in the United States District Court for the Southern District of New York (John F. Keenan, Judge) of conspiracy to provide material support to a terrorist act and of four counts of fraud.  The judgment of the trial court was subsequently affirmed by this court.  See United States v. Meskini, 319 F.3d 88 (2d Cir. 2003).  In May 2004, Haouari filed his first § 2255 motion, which was denied by the district court in May 2006.  See Haouari v. United States, 429 F. Supp. 2d 671 (S.D.N.Y. 2006).  Petitioner now moves in this Court for authorization to file a second or successive § 2255 petition, challenging his convictions based on new evidence.  We denied his application by an order filed September 4, 2007 and we now set forth the reasons for the denial.  See 28 U.S.C. § 2244(b)(3)(D) (requiring a court of appeals to act on an application for leave to file a successive habeas petition within thirty days).  We

2

hold that the form in which petitioner offers his new evidence is insufficient to satisfy 28 U.S.C. § 2244(b)(3)(C)'s prima facie showing as a matter of law. Petitioner's motion is denied without prejudice.

BACKGROUND

In seeking to file his successive habeas petition, Haouari relies on new evidence in the form of an unsworn letter, dated March 28, 2007, from one of his coconspirators, Ahmed Ressam, to the United States Attorney's Office. At Haouari's trial, Ressam testified for the government. Previously, Ressam had been convicted of various crimes involving terrorism and had entered a cooperation agreement to testify against his coconspirators. At Haouari's trial, Ressam testified for the government. Ressam's testimony, together with other evidence at trial, connected Haouari to a terrorist plot to bomb the Los Angeles International Airport on New Year's Day 2000.

In 2003, Ressam's cooperation ceased. Now, four years later and six years after Haouari's trial, Ressam's letter to the United States Attorney's office purports to recant his previous testimony. In the letter, Ressam claims that he was not mentally competent when he testified against Haouari and that Haouari "is an innocent man." Haouari has submitted Ressam's letter to this Court as "newly discovered evidence" sufficient to warrant the filing of a second or successive § 2255 petition.

3

DISCUSSION

In the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a gatekeeping mechanism, by which circuit courts were assigned the task of deciding in the first instance whether a successive federal habeas corpus application could proceed under AEDPA. See 28 U.S.C. § 2244(b)(3)(A); Felker v. Turpin, 518 U.S. 651, 657 (1996). AEDPA requires that an applicant who wishes to file a successive petition first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A second or successive petition must be denied unless the application is:

> certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Section 2244 provides that an application may only be granted "if [the court of appeals] determines that the application makes a prima facie showing that the application

4

satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C). We have previously determined that "the prima facie standard [applies to] our consideration of successive habeas applications under § 2255 and that the same standard applies to both state and federal successive habeas applications." Bell v. United States, 296 F.3d 127, 128 (2d Cir. 2002). Because petitioner's claim does not implicate a new rule of constitutional law, we must perform our gatekeeping function under AEDPA by determining if petitioner has proffered: (1) newly discovered evidence (2) that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense. See 28 U.S.C. § 2255. For the reasons explained more fully below, we hold that Haouari's "evidence" in its present form cannot satisfy AEDPA's prima facie standard.

"A prima facie showing is not a particularly high standard. An application need only show a sufficient likelihood of satisfying the strict standards of § 2255 to 'warrant a fuller exploration by the district court.'" Bell, 296 F.3d at 128 (quoting Bennett v. United States, 119 F.3d 468, 469 (7th Cir. 1997)). Nevertheless, the evidence offered by a petitioner in a § 2255 application must enable the panel, as gatekeepers, to certify that the application satisfies "all of the requirements

of the statute." See id. at 128-29 (emphasis added). Though information discovered subsequent to a criminal trial that a witness's testimony was perjured satisfies the prima facie showing of new evidence, see id. at 129, the form in which the "evidence" has been presented to us here is insufficient for us to certify the second part of the prima facie test: that petitioner would be able "to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," see 28 U.S.C. § 2255.

It is axiomatic that witness recantations "must be looked upon with the utmost suspicion." Ortega v. Duncan, 333 F.3d 102, 107 (2d Cir. 2003) (internal quotation omitted); see also Dobbert v. Wainwright, 468 U.S. 1231, 1233-34 (1984) (Brennan, J., dissenting from denial of certiorari) ("Recantation testimony is properly viewed with great suspicion."); United States v. Ahern, 612 F.2d 507, 509 (10th Cir. 1980) ("downright suspicion"); United States v. Kearney, 682 F.2d 214, 219 (D.C. Cir. 1982); United States v. Ward, 544 F.2d 975, 976 (8th Cir. 1976); United States v. Johnson, 487 F.2d 1278, 1279 (4th Cir. 1973); United States v. Lewis, 338 F.2d 137, 139 (6th Cir. 1964); Newman v. United States, 238 F.2d 861, 863 n.2 (5th Cir. 1956). This is because recantations "upset[] society's interest in the finality of convictions, [are] very often unreliable and given for suspect motives, and most often serve[] merely to impeach cumulative

6

evidence rather than to undermine confidence in the accuracy of the conviction." Dobbert, 468 U.S. at 1233-34.

These suspicions are supported by the fact that "[a]ttempts are numerous by convicted defendants to overturn their criminal convictions by presenting affidavits of recanting witnesses in support of a section 2255 motion." Kearney, 682 F.2d at 219. And suspicions are even greater when, as here, the recanting witness is one who was involved in the same criminal scheme and, having received the benefit of his cooperation agreement, now sits in jail with nothing to lose by recanting. See Newman, 238 F.2d at 862 (noting that a new trial will not automatically be granted based on the affidavits of recanting co-conspirators because "frequently [the affiants] who, as participants, co-conspirators, or actors in the criminal activity initially charged, might from a variety of base motives, or importunities, be impelled, by recantation, to come to the aid of a person whose conviction has been brought about by their testimony"). Thus, it is through a lens of heightened skepticism and suspicion that we conclude that the form in which petitioner's "evidence" is presented in this motion is insufficient.

Haouari's new "evidence" is a letter from co-conspirator Ressam to the U.S. Attorney's Office that is general, unsworn, and conclusory. Haouari has not brought to our attention any case in which an unsworn letter of a co-conspirator recanting

7

sworn trial testimony was found to satisfy AEDPA's prima facie standard.  And we have been unable to find such a case.  On the other hand, cases involving different stages of habeas review and cases outside the habeas context amply support the view that a general, unsworn recantation of the sort presented here is insufficient to contradict sworn trial testimony.  For instance, the Tenth Circuit, reviewing the denial of a motion for new trial based on the discovery of new evidence, held that an unsworn recantation is insufficient to warrant a new trial.  See United States v. Pearson, 203 F.3d 1243, 1274-76 (10th Cir. 2000).  The court found "it significant that [the] recantation was not made under oath" and noted that "[s]worn trial testimony is generally not refuted by unsworn repudiation of that testimony."  Id. at 1275.  Similarly, the Eighth Circuit has indicated "that a failure to produce or explain the absence of an affidavit of a recanting witness will result in the denial of a motion for new trial."  United States v. Ward, 544 F.2d 975, 976 n.2 (8th Cir. 1976).

In the habeas context, we have cautioned that, in order to warrant an evidentiary hearing in the district court on a first § 2255 petition, the "application must contain assertions of fact that a petitioner is in a position to establish by competent evidence . . . Airy generalities, conclusory assertions and hearsay statements will not suffice . . . ."  United States v.

8

*Aiello*, 814 F.2d 109, 113 (2d Cir. 1987). Similarly, the D.C. Circuit, reviewing a district court's denial of a first habeas petition, disregarded an unsworn witness recantation in light of the witness's former sworn testimony that was subject to extensive cross examination. See *Burns v. Lovett*, 202 F.2d 335, 346 (D.C. Cir. 1952).

The rationale of the foregoing cases holding that a specific, sworn recantation is necessary to contradict sworn trial testimony that has been subject to cross examination, together with the critical view that we take toward co-conspirator recantations, leads us to conclude that such unsworn recantations do not constitute "evidence" within the meaning of 28 U.S.C. § 2244(b)(2)(B), much less "clear and convincing" evidence. At the very least, before a recantation statement may qualify as competent evidence for habeas review, it would need to be in sworn affidavit form, subject to penalty for perjury. We do not believe the requirement of an affidavit to be a difficult hurdle to clear. And without the possibility of a penalty for perjury, convicted co-conspirators, such as Ressam, have nothing to lose by writing letters attempting to free those who aided them in their criminal schemes. We therefore believe that an unsworn and uncorroborated letter of a criminal accomplice attempting to recant sworn testimony that has been subjected to cross examination, without more, cannot satisfy the prima facie

9

burden of 28 U.S.C. § 2244(b)(3)(C).

## CONCLUSION

The motion to file a successive habeas petition is DENIED without prejudice.