DAVID N. HURD, United States District Judge *535 I. INTRODUCTION
On June 29, 2016, petitioner-defendant Hosea Jackson ("Jackson" or "petitioner"), proceeding pro se, moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed on him after a jury convicted him of Hobbs Act robbery and of possessing a firearm in furtherance of a crime of violence.
Among other things, Jackson's filing argued he was entitled to a reduction in his sentence because the Supreme Court's decisions in Johnson v. United States, --- U.S. ----, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), and Welch v. United States, --- U.S. ----, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), rendered unconstitutional the "residual clause" of the definition of a "crime of violence" under the U.S. Sentencing Guidelines.
Because he already been denied § 2255 relief once before, United States v. Jackson, 41 F.Supp.3d 156 (N.D.N.Y. 2014), Jackson requested that consideration of his most recent petition be held in abeyance by this Court while he first sought leave to pursue a successive motion for § 2255 relief from the U.S. Court of Appeals for the Second Circuit.
By mandate issued September 12, 2016, the Second Circuit granted Jackson's request to proceed with a successive § 2255 petition but directed this Court to stay further proceedings until the Supreme Court issued a decision in Beckles v. United States, a case likely to resolve the viability of petitioner's constitutional challenge to the Sentencing Guidelines. See--- U.S. ----, 136 S.Ct. 2510, 195 L.Ed.2d 838 (2016) (granting writ of certiorari).
On March 6, 2017, the Supreme Court issued a decision in Beckles, holding that the U.S. Sentencing Guidelines are not subject to constitutional challenges based on vagueness. Beckles v. United States, --- U.S. ----, 137 S.Ct. 886, 197 L.Ed.2d 145 (2017). Thereafter, respondent United States of America (the "Government") filed a brief in opposition to Jackson's petition. Petitioner has also filed a "supplemental brief." The § 2255 petition is now fully briefed and will be considered on the basis of the submissions without oral argument.
II. DISCUSSION [1]
Jackson's § 2255 petition raises three grounds for relief. First, petitioner argues that his conviction was "tainted by perjured testimony given by government witness Andre J. Decker," who has since recanted his version of events in a sworn affidavit. Second, petitioner claims the Government "knowingly presented" this false testimony in an effort to "orchestrate[ ]" his wrongful conviction. Third, petitioner contends that the logic of the Supreme Court's decision in Johnson, which rendered invalid the residual clause of the Armed Career Criminal Act, should be extended to invalidate a portion of the career offender provision of the Sentencing Guidelines.
1. Newly Discovered Evidence
Jackson's first two claims for relief, which are based on Decker's allegedly *536 false trial testimony, fail to satisfy the second step in the two-part gatekeeping requirement for second or successive § 2255 petitions and must be dismissed.
As in this case, a second or successive habeas petition must first be certified by a panel of the appropriate court of appeals to contain a prima facie showing that there is either: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(1)-(2).
However, "[e]ven where the Court of Appeals has authorized the filing of a successive petition, its order authorizing the district court to review the petition does not foreclose the district court's independent review of whether the petition survives dismissal." Ferranti v. United States, 2010 WL 307445 at *10 (E.D.N.Y. Jan. 26, 2010). This is so '[b]ecause a 'prima facie showing' means simply a 'sufficient showing of possible merit to warrant a fuller exploration by the district court[.]' " Id. (quoting Bennett v. United States, 119 F.3d 468, 469 (7th Cir. 1997) ).
In other words, in cases where the court of appeals has authorized the filing of an successive petition that may include a mix of authorized and unauthorized claims, the district court must "examine each claim and dismiss those that are barred under ... § 2255." United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003). Indeed, "once the prisoner files his authorized § 2255 motion in the district court, the district court not only can, but must, determine for itself whether those [ § 2255(h) ] requirements are met." In re Moore, 830 F.3d 1268, 1271 (11th Cir. 2016) (citation and internal quotation marks omitted).
In light of this requirement, an independent review of Decker's sworn affidavit reveals that it is not "newly discovered evidence." Even assumed true and viewed in light of the evidence as a whole, it is insufficient to establish by clear and convincing evidence that no reasonable factfinder would have found Jackson guilty.
Importantly, courts take a "critical view" of recantations by a co-conspirator, especially when those recantations "contradict sworn trial testimony that has been subject to cross examination." Haouari v. United States, 510 F.3d 350, 354 (2d Cir. 2007) (denying § 2255 relief based on "newly discovered evidence" where one of petitioner's co-conspirators submitted an unsworn letter recanting his trial testimony).
In an analogous context, the Second Circuit has indicated that there are several factors to consider when evaluating whether a witness's purported recantation might require further evidentiary proceedings. See United States v. Carthen, 681 F.3d 94, 102 (2d Cir. 2012). These factors include (1) the importance of the witness's testimony in the original proceeding; (2) the existence of evidence corroborating either the conviction or the recantation; (3) the temporal proximity between the earlier trial testimony and the later recantation; (4) the consistency of the recantation with the witness's comments and behavior before, during, and after trial; and (5) the existence of evidence of outside influence suggesting either coerced testimony or coerced recantation. See id.
In the affidavit at issue, Decker swears that Jackson "did not participate with [him] in the robbery" and claims that he "testified falsely" against petitioner to save himself from additional prison time. According to Decker, Assistant United States *537 Attorney Robert Sharpe forced him to testify against his will before the grand jury and instructed him to state that he was unable to remember certain aspects of his story that might be "contradictory." In sum, Decker claims he "gave false testimony against Hosea Jackson to secure a reduced sentence and because [he] was forced to by the U.S. Attorney's Office."
This submission is insufficient to warrant further proceedings. Notably, unlike the submission in Haouari, Jackson has at least submitted his evidence in the form of a "sworn affidavit" from Decker. But as the Government points out, Decker's affidavit was only sworn to on March 17, 2016, meaning that he is now attempting to recant testimony he gave over five years ago, when he inculpated petitioner in the gas station robbery during a four-day trial in February of 2011.
Further, Decker's affidavit is sparse, uncorroborated, and completely lacking in any sort of detail. At trial, testimony from Antonio Castro, another co-conspirator, established that there were three perpetrators at the scene of the crime, two of whom entered the gas station and one who remained in the van outside. These assertions were consistent with testimony from the robbery victim himself, who testified that two masked men robbed him at gunpoint before jumping into a maroon van driven by a third male.
Castro, who later chose to cooperate with police, testified that he drove the van while Decker and Jackson, the other two perpetrators, went inside to rob the gas station. In addition, Castro testified that the three men used a maroon van to commit robberies, including the gas station robbery at issue in this case. And an eyewitness who observed the robbery from the parking lot testified that he observed a male driving a maroon van park in front of the gas station before later driving away in a hurry.
Importantly, Decker's trial testimony recounted a version of events that was largely consistent with the rest of this trial evidence. Among other things, Decker explained that Castro waited outside in a maroon van while he and petitioner entered the gas station to commit the robbery. Notably, Decker's purported recantation does not offer up any alternative explanations about who the third perpetrator was if not petitioner. Nor does it undermine the other details offered up at trial by Castro, the victim, or the eyewitness. In sum, Decker's two-page affidavit is insufficient to establish by clear and convincing evidence that no reasonable factfinder would have convicted petitioner.
To the contrary, even crediting Decker's recantation, a reasonable factfinder would remain entitled to credit Castro's testimony as to the identities of the three co-conspirators, including Decker and Jackson. Further, the same factfinder could rely on the testimony of the robbery victim and of the eyewitness to establish the other essential elements of petitioner's conviction. Accordingly, petitioner's first two claims must be dismissed.
2. New Rule of Constitutional Law
As the Second Circuit observed in permitting him to pursue this successive § 2255 petition, Jackson's third argument is based on a claim that there is a new rule of constitutional law, made retroactive to cases on collateral review, that was previously unavailable to him. 28 U.S.C. § 2255(h)(2). According to petitioner, the reasoning of Johnson and its progeny should be extended to mean that the "residual clause in the Career Offender guideline provision is [ ] unconstitutional."
But the Supreme Court in Beckles explicitly rejected that argument. See 137 S.Ct. at 892 ("Unlike the ACCA, the advisory Guidelines do not fix the permissible *538 range of sentences .... [but instead] merely guide the exercise of a court's discretion .... [and therefore] are not subject to a vagueness challenge."); United States v. Jones, -F.3d-, 2017 WL 4456719 at *1 (2d Cir. Oct. 5, 2017) (explaining that the Supreme Court's reasoning in Beckles immunizes the Sentencing Guidelines from constitutional challenges based on vagueness). Accordingly, petitioner's Johnson-based claim must also be dismissed.
III. CONCLUSION
Jackson's first § 2255 petition ran to over 400 pages and raised twenty claims for relief, all of which were carefully considered and found to be plainly without merit. The first two claims in petitioner's second § 2255 submission, based on the Government's use of Decker's allegedly false testimony at trial, are also plainly meritless.
While Jackson's Johnson-based claim represents a proper usage of § 2255(h)'s safety valve for bringing successive habeas claims, his constitutional challenge to the validity of the Sentencing Guidelines is now foreclosed by binding Supreme Court precedent.
Therefore, it is
ORDERED that
1. Jackson's second or successive § 2255 petition is DENIED; and
2. A certificate of appealability will not be issued.
The Clerk of the Court is directed to terminate the pending motion and to close the associated civil case openings.
IT IS SO ORDERED.

The factual and procedural history surrounding Jackson's criminal conviction is recounted at length in the decision denying his first § 2255 petition. Jackson, 41 F.Supp.3d at 159-161. Familiarity with the background set forth in that decision is assumed for purposes of deciding this petition.