24-2336-cr
*Nkansah v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of September, two thousand twenty-five.

Present:

> DENNY CHIN,
> WILLIAM J. NARDINI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

_____

FELIX NKANSAH,

> *Petitioner-Appellant*,

v.                                                                            24-2336

UNITED STATES OF AMERICA,

> *Defendant-Appellee*.

_____

For Petitioner-Appellant:                     REHAN NAZRALI, The Law Office of Rehan Nazrali, Esq., New York, NY.

For Defendant-Appellee:                      RITA MAXWELL (Jacob R. Fiddelman, *on the brief*), Assistant United States Attorneys, Of Counsel, *for* Jay Clayton,

United States Attorney for the Southern District of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Jed S. Rakoff, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Petitioner Felix Nkansah appeals from an order of the United States District Court for the Southern District of New York (Jed S. Rakoff, *District Judge*) entered on July 8, 2024, denying his petition for a writ of error *coram nobis*. In 2009, Nkansah was indicted on five charges related to an identity theft scheme. The case proceeded to trial, where the Government presented the testimony of fourteen witnesses and substantial physical evidence implicating Nkansah in the crimes. One witness, Nkansah's co-defendant, David Dosoo, corroborated Nkansah's involvement, testifying that he and Nkansah conspired to file fraudulent tax returns with stolen identities. The jury convicted Nkansah on all counts. On direct appeal, this Court vacated Nkansah's conviction on two counts (bank fraud and aggravated identity theft), affirmed the remaining counts, and remanded for resentencing. *United States v. Nkansah*, 699 F.3d 743, 751, 753 (2d Cir. 2012). Nkansah subsequently filed a petition for a writ of error *coram nobis*, asking the district court to vacate his 2010 conviction in light of newly discovered evidence, or, in the alternative, to hold an evidentiary hearing. In his petition, Nkansah relied on an audio recording and accompanying affidavit in which Dosoo recanted his trial testimony. The district court denied Nkansah's petition, concluding that Nkansah failed to prove (i) that Dosoo's testimony was false, (ii) that the Government knew or should have known it was false, or (iii) that this testimony could

2

have affected the jury's verdict. Nkansah appealed. We assume the parties' familiarity with the case.

This Court reviews a district court's denial of a writ of *coram nobis* for abuse of discretion. *Doe v. United States*, 915 F.3d 905, 909 (2d Cir. 2019).[1] *Coram nobis* relief is an "extraordinary remedy that issues only in extreme cases." *United States v. Rutigliano*, 887 F.3d 98, 108 (2d Cir. 2018). "[A] petitioner must show that (1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ." *Id.* The district court "must presume that the proceedings were correct, and the burden of showing otherwise rests on the petitioner." *Id.* In challenging a conviction because of the Government's knowing use of false testimony, a petitioner must establish that "(1) there was false testimony, (2) the Government knew or should have known that the testimony was false, and (3) there was any reasonable likelihood that the false testimony could have affected the judgment of the jury." *United States v. Helmsley*, 985 F.2d 1202, 1205–06 (2d Cir. 1993).

The district court properly found that Nkansah did not establish any of the three conditions necessary to challenge a conviction based on knowing use of false testimony. Nkansah's failure to prove each condition is independently sufficient to deny his petition.

As a preliminary matter, Nkansah failed to establish that Dosoo's trial testimony was false. To support this assertion, Nkansah offered only Dosoo's one-page affidavit and the accompanying three-minute audio recording. In both, Dosoo claimed that his detailed trial testimony was entirely false. Dosoo failed, however, to identify which aspects of his comprehensive original testimony

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

were incorrect. In his sweeping recantation, he also denied having received "any checks or cash" from Nkansah, a claim Dosoo did not make at trial. Even more, Dosoo's recantation contradicted the substantial physical evidence directly tying Nkansah to the scheme, including bank records demonstrating that Nkansah had received stolen funds, IRS materials sent to Nkansah's home address, addressed to people who did not live there, and a partially completed tax return in the name of a third party found on Nkansah's laptop. Dosoo's conclusory recantations were further undermined by his own participation in the scheme and his current presence outside the United States, making the threat of a perjury prosecution remote. *See Haouari v. United States*, 510 F.3d 350, 353 (2d Cir. 2007) (reasoning that "suspicions" of a recanting witness are "even greater" where the witness "was involved in the same criminal scheme" as the defendant and "has nothing to lose by recanting").

Nkansah likewise failed to show that the Government knew or should have known that Dosoo's testimony was false. Dosoo claimed that he was forced to give false testimony about Nkansah "in exchange for [his] freedom," but neither Nkansah nor Dosoo provided evidence to support this broad assertion. Dosoo attested that his trial lawyer witnessed the Government's alleged coercion, but neither he nor Nkansah supplied a statement from Dosoo's former counsel— or anyone else—to corroborate Dosoo's recantation.

Nkansah also did not establish a reasonable likelihood that Dosoo's recantation could have affected the jury's judgment. The Government presented the testimony of thirteen witnesses in addition to Dosoo, including testimony linking Nkansah's IP address to fraudulent tax returns, as well as substantial physical evidence seized from Nkansah's home and vehicle. This evidence gave the jury ample grounds to find Nkansah guilty, notwithstanding Dosoo's testimony.

The district court, in sum, acted well within its direction by concluding that Nkansah failed

4

to prove the Government's knowing use of false testimony, and thus also failed to show circumstances compelling *coram nobis* relief.

The district court likewise did not abuse its discretion in denying Nkansah's request for an evidentiary hearing. In assessing collateral challenges to a criminal conviction, the district court has leeway to use other methods to "expand the record" to avoid "a full-blown testimonial hearing" and its associated costs and delays. *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001). Here, the district court thoroughly reviewed Nkansah's petition, as well as Dosoo's affidavit and accompanying audio recording, and compared those allegations to the trial testimony and documentary evidence. In light of this detailed review, as well as the weakness of Nkansah's petition and the strength of the Government's evidence, the district court acted well within its discretion by concluding that an evidentiary hearing was unwarranted.

We have considered Nkansah's remaining arguments and find them to be unpersuasive. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5