**UNITED STATES of America,
Appellee,**

v.

**Keith Leon WALLACE, Appellant.**

**No. 74–2347.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 7, 1975.

Decided Jan. 8, 1976.

Larry E. Losch, Montgomery, W. Va. [Court-appointed counsel], for appellant.

Wayne A. Rich, Jr., Asst. U. S. Atty. (John A. Field, III, U. S. Atty., Michael F. Pezzulli, Summer Law Clerk [third year law student] on brief), for appellee.

Before HAYNSWORTH, Chief Judge, WINTER, Circuit Judge, and WATKINS,* District Judge.

WINTER, Circuit Judge:

Keith Leon Wallace appeals from the judgment entered on a jury verdict finding him guilty of possessing a sawed-off shotgun in violation of 26 U.S.C. §§ 5861(d) and 5871 (1970) and 18 U.S.C. § 2 (1970). He asserts that his conviction was improper because (a) the indictment should have been dismissed since it

---

* Senior United States District Judge for the District of Maryland, sitting by designation.

was based on hearsay evidence when competent evidence was readily available, (b) the district court declined to turn over transcripts of the grand jury proceedings for use at trial, and (c) the district court's charge incorrectly instructed the jury on the doctrine of constructive possession. Wallace also argues that the district court improperly denied his motion for new trial supported by the affidavit of an essential government witness, stating that he had testified falsely at the trial.

We see no merit in defendant's direct attacks on the validity of his conviction, but we remand the case to the district court for further consideration of the motion for a new trial.

I.

■ Disposition of Wallace's first three assignments of error need not detain us long. First, we see no merit in Wallace's contention that the indictment against him was invalid because it was obtained through the use of hearsay testimony. *Costello v. United States,* 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956), held that an indictment may be based on hearsay evidence.

■ Equally lacking in merit is Wallace's contention that the trial court erred in not requiring the United States Attorney to turn over minutes of the grand jury proceedings against his client. In *United States v. Chase,* 372 F.2d 453 (4 Cir.), cert. denied, 387 U.S. 907, 913, 87 S.Ct. 1688, 1701, 18 L.Ed.2d 626, 635 (1967), we decided that a defendant must show a particularized need in order to justify access to the records of grand jury proceedings. No such showing was made in the instant case.

■ Wallace's third assignment arises from the district judge's inclusion of the term "constructive possession" in the charge to the jury.[1] We disagree that the use of the phrase, without definition, caused the instruction to be self-contradictory and permitted the jury to speculate about its meaning. The only testimony at trial regarding possession indicated that the shotgun was in the back seat of defendant's car which the defendant was driving. It is more likely that, if possession were to be found, it would be actual possession rather than constructive possession. In any event, there was no objection to the charge and we hold that the failure to define constructive possession under these circumstances was not plain error.

II.

We turn to the correctness of the district court's ruling on Wallace's motion for a new trial on the basis of the post-trial recantation of the essential government witness. The witness was defendant's brother, George Edgar Wallace, Jr. At trial, the brother, exhibiting great emotional stress, testified that the defendant had indicated to him knowledge of the gun in the back of the car. After trial, however, the witness made an affidavit that his original testimony had been false.[2]

1. The jury was charged:

A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

The law recognizes also that possession may be sole or joint. If one person alone has actual or *constructive* possession of a thing, possession is sole. If two or more persons share actual or *constructive* possession of a thing, possession is joint. A person is in possession of property . . . when he knowingly has direct physical control over a given thing at a given time, either alone or with another person (emphasis added).

2. At the hearing on the motion for new trial, the following colloquy between the court and the witness occurred:

THE COURT: You mean to tell me in this court that you were willing to perjure yourself to get your brother convicted to save your own job [a position with a private financial corporation handling cash in sums not exceeding $1,000]?

THE WITNESS: And my own family, sir. I mean that is the truth. I mean that at the time I was unaware, like I say, I've never been in a courtroom before, and I wouldn't be up here today because I've got a wife and a small child. . . .

The district court denied the motion for a new trial. It asserted that at a post-trial hearing grounded upon a recantation of testimony, the court is not to consider which version of the witness's story is true, but rather only to ensure that there has been no prosecutorial misconduct by way of intimidation or threats to testify falsely. Since the district court found that the witness had neither been intimidated or threatened, nor coached or invited to testify falsely, denial of the motion followed.

■■ The district court in this case misconceived the proper scope of the inquiry it should have made. The applicable standards for the granting of a new trial based upon a witness's recantation were set out in *Larrison v. United States*, 24 F.2d 82, 87–88 (7 Cir. 1928). There, the court stated that a new trial should be granted when:

(a) The court is reasonably well satisfied that the testimony given by a material witness is false.

' (b) That without it the jury *might* have reached a different conclusion (emphasis in original).

(c) That the party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after the trial.

*Accord, Newman v. United States*, 238 F.2d 861, 862 n.4 (5 Cir. 1956); *Gordon v. United States*, 178 F.2d 896, 900 (6 Cir. 1949), cert. denied, 339 U.S. 935, 70 S.Ct.

664, 94 L.Ed. 1353 (1950); 2 Wright Federal Practice and Procedure § 557 at 525 (1969).[3]

These standards delineate the scope of the district court's proper inquiry. In this case, the district court failed to make even the first of the three necessary determinations. We therefore remand the case for a new determination of Wallace's motion for a new trial in the light of the *Larrison* case's standards.

■ We reject Wallace's contention that we should order a new trial based on the recantation. At best, it is difficult for an appellate court to assess the veracity of witnesses by reference to a bare record. The district judge is in a far better position to determine which version of the testimony of George Edgar Wallace, Jr., is more likely the truth, having observed the demeanor of the witness both at trial and at the post-trial hearing. *See United States v. Johnson*, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562 (1946); *United States v. Johnson*, 487 F.2d 1278 (4 Cir. 1973). Of course, from this record we can say that if it is determined that George Edgar Wallace, Jr., told an untruth at trial, the jury unquestionably might have found defendant not guilty if his brother's testimony were not in the case. We express no view, however, as to whether defendant was surprised by his brother's testimony or learned of its falsity only after trial.

Vacated and remanded.

---

**3.** The Court of Appeals for the Second Circuit has suggested that the *Larrison* test should only apply where there has been prosecutorial misconduct. Where, as in the instant case, there has been no such misconduct, that court would apply the test of *Berry v. State,* 10 Ga. 511, 527 (1851). *See United States v. DeSapio,* 435 F.2d 272, 286 & n. 14 (2 Cir. 1970) (dictum), cert. denied, 402 U.S. 999, 91 S.Ct. 2170, 29 L.Ed.2d 166 (1971). *Berry* would require that a new trial be granted only when the recantation "is so material that it would *probably* produce a different result if the new trial were granted." (Emphasis added.) The decisions in the Second Circuit have not been uniform, however. *Compare United States ex rel. Sostre v. Festa,* 513 F.2d 1313, 1317 (2 Cir.

1975) *with United States v. Rosner,* 516 F.2d 269, 273 (2 Cir. 1975). In the instant case, George Edgar Wallace was the only witness who testified that defendant had knowledge that the gun was in the back of the car—proof of an essential element of the crime. Thus, we think the *Larrison* test appropriate; the district court, in order to grant a new trial, need find only that the jury "might" have decided the case differently if Wallace had not testified, that is to say, that there is more than a faint possibility of a different jury verdict but something less than probability. We reserve for an appropriate case any decision as to what degree of certainty should be applied when the recanted testimony was only collateral, cumulative, or corroborative.