**Patrick PICKERING, Petitioner and Appellant,**

v.

**STATE of South Dakota, Respondent.**

**No. 11949.**

Supreme Court of South Dakota.

Dec. 7, 1977.

Richard F. Staley, Sioux Falls, for petitioner and appellant.

Gene Paul Kean, Minnehaha County State's Atty., Sioux Falls, for respondent.

ANDERST, Circuit Judge.

Defendant appeals from an order denying his petition for post-conviction relief under SDCL 23–52. We affirm.

In May of 1971, appellant was tried and convicted of first degree manslaughter in the death of Lila Mae Scott. The state's principal witness at the trial was Michael Pickering, appellant's younger brother. A summary of the facts relevant to that conviction is set out in *State v. Pickering*, 87 S.D. 331, 207 N.W.2d 511. Subsequently, appellant was convicted of murdering a fellow inmate who had testified against him in the previous trial and refused to change his testimony to enable appellant to obtain a new trial. See *State v. Pickering*, 1974 S.D., 217 N.W.2d 877. At the post-conviction hearing Michael Pickering recanted the testimony he gave at the trial of his brother and confessed that it was he who had killed Lila Mae Scott.

■ Because this is a case of first impression in South Dakota, counsel for both sides have urged the court to adopt standards and rules followed by different jurisdictions. It would serve no useful purpose to set those standards out in detail herein. After a careful review, we adopt the standards for the granting of a new trial based upon a witness's recantation as set out in *Larrison v. United States*, 1928, 7 Cir., 24 F.2d 82, where the court stated that a new trial should be granted when:

"(a) The court is reasonably well satisfied that the testimony given by a material witness is false.

(b) That without it the jury *might* have reached a different conclusion (emphasis added in original).

(c) That the party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after the trial." 24 F.2d at 87.

Accord: *United States v. Wallace*, 1976, 4 Cir., 528 F.2d 863; *Newman v. United States*, 1956, 5 Cir., 238 F.2d 861; *Gordon v.*

*United States*, 1949, 6 Cir., 178 F.2d 896, cert. denied, 339 U.S. 935, 70 S.Ct. 664, 94 L.Ed. 1353 (1950); *State v. Compiano*, 261 Iowa 509, 154 N.W.2d 845; 2 Wright, Federal Practice & Procedure § 557. These standards delineate the scope of the trial court's proper inquiry. The moving party has the burden of fulfilling the requirements of all three standards before relief will be granted. Failure to meet any one of the three standards will defeat the movant's prayer for relief.

■ Verdicts would indeed be insecure if they could always be set aside upon the testimony of witnesses who recant their former testimony. Recanting testimony must be scrutinized with extreme care.

"Recantation by a witness called on behalf of the prosecution does not necessarily entitle accused to a new trial. The question whether a new trial shall be granted on this ground depends on all the circumstances of the case, including the testimony of the witnesses submitted on the motion for the new trial, and its determination is left to the sound discretion of the trial court free from interference except for abuse of such discretion. Moreover, recanting testimony is exceedingly unreliable, and is regarded with suspicion; and it is the right and duty of the court to deny a new trial where it is not satisfied that such testimony is true. Especially is this true where the recantation involves a confession of perjury." 24 C.J.S. Criminal Law § 1454, p. 185.

If the court believes that the testimony given by a material witness was false, that without such false testimony the jury might reach a different conclusion, and that the party seeking a new trial was taken by surprise by the false testimony or did not learn of its falsity until after trial, then it would be the duty of the court to set aside the verdict and grant a new trial.

In this case the trial court made the following conclusions of law:

. . . . .

"3. The Court finds that the present testimony given by Michael Pickering is

**236**

highly unbelievable in view of the fact that he never made an attempt to contradict the story under oath until after he was incarcerated in the South Dakota Penitentiary and had forced contact with his brother.

4. [T]he Court in its discretion has determined that the testimony of Michael Pickering is unbelievable in view of the facts and circumstances of this case and the history which has been presented to the Court concerning the death of Lila Mae Scott and the trial of Patrick Pickering together with the subsequent proceedings herein . . . ." *

In support of those conclusions, the trial court found among other things, and the record substantiates these findings, that Michael Pickering has since been convicted of three felonies; that at the time of the post-conviction proceedings Michael Pickering was an inmate at the South Dakota State Penitentiary with a cell adjoining appellant's cell; that more than three years had elapsed before Michael Pickering notified anyone of his change in testimony; that other witnesses' testimony at the trial of Patrick Pickering both substantiated and detracted from Michael's testimony; that appellant at his trial took the witness stand in his own defense and denied killing Lila Mae Scott and gave testimony implicating Michael; and that the jury had all this testimony for its consideration before finding appellant guilty. Further, at the post-conviction proceedings the appellant did not take the witness stand in his own behalf.

 A trial court's findings of fact shall not be set aside unless clearly erroneous. SDCL 15–6–52(a). *In re Estate of Hobelsberger*, 85 S.D. 282, 181 N.W.2d 455. At best, it is difficult for an appellate court to assess the veracity of witnesses by reference to a bare record. The trial judge is in a far better position to determine which version of Michael Pickering's testimony is more likely the truth, having observed the demeanor of the witnesses. Herein, the

trial court followed the applicable standards, and the record amply supports the trial court's findings of fact, conclusions of law and order denying appellant's petition for post-conviction relief.

The order appealed from is affirmed.

All the Justices concur.

ANDERST, Circuit Judge sitting for DUNN, C. J., disqualified.

---

\* The instant case is thus distinguishable from our recent decision in *State v. Gerdes*, (1977 S.D.), 258 N.W.2d 839. In that case, the trial

court made no determination concerning the credibility or efficacy of the newly discovered evidence.