829 F.2d 1121
 23 Fed. R. Evid. Serv. 1219
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Felipe MACIAS, Defendant-Appellant.
 No. 86-7733.
 United States Court of Appeals, Fourth Circuit.
 Argued July 8, 1987.
Decided Sept. 21, 1987.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., District Judge. (CR-85-254-A).
 (Susan L. Korfanty, on brief), for appellant.
 (Henry E. Hudson, U.S. Attorney; John T. Martin, Assistant U.S. Attorney, on brief), for appellee.
 Before CHAPMAN and WILKINS, Circuit Judges, and HAMILTON, District Judge, from the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 This appeal presents the question of whether the district judge abused his discretion in failing to grant the appellant's motion for a new trial under Rule 33, Fed.R.Crim.P., which provides in part:
 
 
 2
 The court on motion of a defendant may grant a new trial to the defendant if required in the interest of justice.
 
 
 3
 The appellant sought a new trial on his federal convictions of conspiracy to possess with intent to distribute cocaine, and possession with intent to distribute cocaine. His ground for the Rule 33 motion was that his prior state conviction of possession with intent to distribute was introduced against him by the United States Attorney in his federal prosecution, and that this state conviction was subsequently reversed by the Court of Appeals of Virginia in Behrens v. Commonwealth, 348 S.E.2d 430 (1986). Finding that under the facts of this case the district judge did not abuse his discretion, we affirm.
 
 
 4
 * Felipe Macias has also used the name Alfredo Behrens and in Case No. 86-5535, decided February 6, 1987, unpublished, we affirmed the convictions of Macias on the narcotics charges and also affirmed the finding that Macias and Alfredo Behrens are one and the same person. In the prior appeal we also found that the trial court did not err in admitting into evidence the 1984 state conviction of Macias, then using the name of Behrens, of possession with intent to distribute cocaine. This evidence was found to be admissible on the question of intent under Rule 404(b), Fed.R.Evid. The trial in the federal court was conducted on January 27, 1986, and on September 16, 1986, the Court of Appeals of virginia reversed the state conviction stating at page 434;
 
 
 5
 we find that the Commonwealth has failed to carry its burden of proving that Behrens was aware of the presence and character of the cocaine or that the cocaine was subject to his dominion and control.
 
 
 6
 Appellant moved for a new trial and the district judge denied the motion, and in doing so made reference to the weight of the evidence against Macias and the court's instruction to the jury that the state conviction was on appeal.
 
 II
 
 7
 Appellant argues that the reversal of his state conviction mandates a reversal of his present federal conviction because the record of his state conviction was admitted against him in the federal trial. This proposition is not supported by the law. Appellant tries to compare the reversal of his state conviction with the admitted perjury of a government witness in U.S. v. Wallace, 528 F.2d 863 (4th Cir.1976). However the facts do not justify such an analogy. The Fed.R.Evid. do not allow for the admission of perjury under any circumstances, but the rules do allow under Rule 404(b) the admission of evidence of other crimes, wrongs and acts of a defendant to prove his intent. It is not necessary to prove these acts beyond a reasonable doubt or to prove that they resulted in a conviction. Rule 609 allows the proof of a prior conviction, but even this rule realizes that prior convictions will be appealed. Section (e) of Rule 609 states pendency of an appeal.
 
 
 8
 The pendency of an appeal therefrom does not render evidence of a conviction inadmissible. The evidence of the pendency of an appeal is admissible.
 
 
 9
 The admission in the present case was under Rule 404(b) because the appellant did not take the witness stand. The trial judge weighed the evidence as required by Rule 403. Even if the appellant's prior conviction had been reversed prior to the trial on his federal charges, the facts giving rise to the state charge could have been admitted to prove intent as a similar act of the appellant.
 
 
 10
 Evidence of another crime, otherwise competent, is not necessarily rendered inadmissible by the fact that the accused was acquitted of such charge.
 
 
 11
 United States v. VanCleave, 599 F.2d 954, 957 (10th Cir.1979). See also, United States v. Etley, 574 F.2d 850 (5th Cir.1978).
 
 
 12
 The court did not err in refusing the motion for a new trial. The thrust of the motion was the newly discovered evidence that the appellant's prior conviction had been reversed. In United States v. Carmichael, 726 F.2d 158, 160 (4th Cir.1984) we stated:
 
 
 13
 Findings of the district court made on a motion for a new trial based on newly discovered evidence should not be disturbed except in the most extraordinary circumstances and unless it clearly appears that they are not supported by any evidence.
 
 
 14
 The present circumstances are not extraordinary. The Rules of Evidence obviously allow the admission of evidence of convictions which are on appeal, and the rules allow the defendant to prove the pendency of an appeal. Since such evidence is admissible, the framers of the Rule were experienced enough to know that some of the appeals would be successful and result in reversals. However, the Rules do not require a new trial or any other action to be taken by the court where there has been a reversal of a prior conviction.
 
 
 15
 The district judge in considering the motion for a new trial took into consideration his cautionary instructions to the jury and the weight of the evidence against the appellant and denied the motion. We cannot find that this denial was an abuse of discretion, and we affirm.
 
 
 16
 AFFIRMED.