921 F.2d 272
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Craig Alan LACKEY, Defendant-Appellant.
 No. 90-6006.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 31, 1990.
Decided Dec. 26, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CR-89-107-A)
 William S. Burroughs, Jr., Alexandria, Va., for appellant.
 Liam O'Grady, Assistant United States Attorney, Alexandria, Va., (argued) for Appellee. Henry E. Hudson, United States Attorney, Alexandria, Va., on brief.
 E.D.Va.
 AFFIRMED.
 Before SPROUSE, Circuit Judge, BUTZNER, Senior Circuit Judge, and HIRAM H. WARD, Senior United States District Judge for the Middle District of North Carolina, Sitting by Designation.
 PER CURIAM:
 
 
 1
 Craig Alan Lackey appeals an order denying him a new trial which he sought on the grounds of newly discovered evidence. Lackey also assigns error to the district court's refusal to order tests of cocaine, which he claims would corroborate his allegedly newly discovered evidence. We affirm the district court's order.
 
 
 2
 * Lackey, a used car salesman, was convicted in a bench trial of various violations of narcotics laws. The testimony of several witnesses described Lackey's role in a cocaine trafficking organization. Amin J. Tabar, the owner of a used car dealership who headed a local drug distribution network, testified that over the previous two years he had distributed one-half to one ounce quantities of cocaine to Lackey on between 40 to 50 occasions and that he had given Lackey smaller quantities of cocaine for personal use on numerous other occasions. Tabar further testified that he had delivered cocaine to Lackey's residence approximately 15 times. He testified that he had observed Lackey redistribute cocaine while at the residence.
 
 
 3
 Two other witnesses and coconspirators, Jameel Sindi and Nasser Ziarati, testified at trial that they had accompanied Tabar to purchase cars from Lackey and that cocaine was either offered or delivered to Lackey in partial payment for the automobiles purchased. A special agent of the Federal Bureau of Investigation testified that Lackey had paged Tabar approximately 25 times during a one-month period while Tabar's digital pager was being monitored by the F.B.I. In addition, Lackey's ex-girlfriend, Deborah Arrington, testified that on one occasion both she and Lackey prepared cocaine at Lackey's residence for sale to an undercover police officer. Two police officers confirmed at trial that on August 5 Arrington entered Lackey's residence and came out with cocaine which she sold to an undercover agent.
 
 
 4
 On the basis of the above evidence, the district court convicted Lackey on three counts: conspiracy to possess with intent to distribute and conspiracy to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. Sec. 846; distribution of cocaine, in violation of 21 U.S.C. Sec. 841(a)(1); and possession with intent to distribute cocaine, also in violation of 21 U.S.C. Sec. 841(a)(1). The district court sentenced Lackey to 120 months on each count, to be served concurrently, as well as 5 years of supervised release, a special assessment of $150, and restitution of $300. We affirmed. United States v. Lackey, No. 89-5440 (4th Cir. Jan. 12, 1990) (unpublished).
 
 II
 
 5
 Subsequently, Lackey moved for a new trial on the grounds of newly discovered evidence. Lackey's evidence consists of several affidavits, which contest details in Arrington's testimony. At trial, Arrington testified that on August 5 she brought a set of scales to Lackey's residence to weigh cocaine prior to sale and that Lackey participated in the sale of cocaine to an undercover police officer. However, Patti Millians, an ex-girlfriend of Lackey, asserts in an affidavit that she was present in Lackey's residence on the occasion Arrington described. She claims that contrary to Arrington's testimony, Lackey did not participate in the sale. Moreover, two Arlington county police officers attest that on the same occasion Arrington did not carry scales into Lackey's residence.
 
 
 6
 As part of his motion for a new trial, Lackey requested that the district court order the government to test the cocaine purchased by an undercover police officer from Arrington in July and August. Lackey argued that since Arrington had admitted that Lackey did not distribute or sell the July cocaine, the government should have tested both the July and the August cocaine to determine whether they derived from the same source. Lackey argues that if the test showed that the July and the August cocaine were similar, Lackey could not be guilty of supplying the August cocaine.
 
 III
 
 7
 'United States v. Bales, 813 F.2d 1289 (4th Cir.1987), enumerated five requirements for granting a new trial on the grounds of newly discovered evidence:
 
 
 8
 (a) the evidence must be, in fact, newly discovered, i.e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.
 
 
 9
 813 F.2d at 1295 (citation omitted). When a material witness recants his testimony, this circuit has permitted a more lenient standard for granting a new trial: whether the finder of fact might have decided the case differently if the material witness had not testified. United States v. Wallace, 528 F.2d 863, 866 n. 3 (4th Cir.1976). Lackey urges that this standard should be applied.
 
 
 10
 The district court considered both standards but found that the information in Lackey's affidavits did not constitute newly-discovered evidence because it could have been ascertained with due diligence. Moreover, the district court noted that Lackey could not even meet the more lenient Wallace standard, for the remaining evidence was so incriminating that a factfinder would not have found differently if the newly-discovered evidence had been introduced or if Arrington had not testified. Given the wealth of evidence introduced against Lackey by witnesses other than Arrington, we agree with the district court's assessment that this "was not a close case insofar as [Lackey's] participation in the conspiracy."
 
 
 11
 The district court did not err by declining to order that the two samples of cocaine undercover agents purchased from Arrington be tested for similarities. The local drug distributor, Tabar, testified that he had received in excess of 40 kilograms of cocaine over the past year and one-half, from three different suppliers. He, in turn, supplied several distributors. For this reason, even if the samples were similar, testing would not exclude the possibility that Arrington got similar cocaine from a distributor other than Lackey in July and from Lackey in August. Testing would not have impeached Arrington or exculpated Lackey.
 
 
 12
 The district court did not abuse its discretion by denying the request for tests of the cocaine Arrington sold. Also, the court did not abuse its discretion by denying the motion for a new trial.
 
 
 13
 AFFIRMED.