**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                     No. 97-4848

ANDRE MAURICE JACOBS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CR-97-39-MJG)

Submitted: July 21, 1998

Decided: August 3, 1998

Before MICHAEL and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Alden McDaniel, Jr., Laura Maroldy, MCDANIEL &
MARSH, Baltimore, Maryland, for Appellant. Lynne A. Battaglia,
United States Attorney, Thomas M. Dibiagio, Assistant United States
Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Andre Jacobs appeals his conviction for bank robbery in violation of 18 U.S.C. § 2113(a), (f) (1994). His attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing whether the district court erred in denying Jacobs' motions for a mistrial and a new trial on the basis of prosecutorial misconduct, newly discovered evidence, and the insufficiency of the evidence presented in support of his conviction. Counsel asserts that there are no meritorious grounds for appeal. Jacobs was informed of his right to file a pro se supplemental brief, which he failed to file. Because our review of the entire record reveals no reversible error, we affirm.

Jacobs first asserts that the district court erred in denying his motion for a mistrial based on prosecutorial misconduct. To prevail on a claim of prosecutorial misconduct, an appellant must show that improper remarks "prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." United States v. Mitchell, 1 F.3d 235, 240 (4th Cir. 1993). In determining whether there was prejudice, the court considers:

> (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters.

United States v. Adam, 70 F.3d 776, 780 (4th Cir. 1995).

Under this standard, Jacobs' claim fails. Initially, it is unclear that the government's questioning of Jacobs on cross-examination about

2

bank robberies for which he was not on trial was improper. At trial Jacobs admitted that he was with codefendant Christopher Davis on December 23, 1996, but denied any knowledge that Davis intended to commit a bank robbery. He knew, however, that he and Davis had been indicted for committing a bank robbery on December 17, 1996. Hence, on this record the question appears to have been properly asked for the purpose of impeaching Jacobs' testimony. See Fed. R. Evid. 609(b) (specific instances of conduct, if probative of truthfulness, may be inquired into on cross examination). Even if the question was improper, Jacobs responded that he was not involved in any bank robberies prior to December 23, 1996. In addition, the government made no further mention of the robberies for which Jacobs was not on trial, and the court gave the jury a curative instruction immediately after the question was asked. Accordingly, we find no abuse of discretion in the district court's denial of Jacobs' motion for a mistrial based on prosecutorial misconduct. See United States v. West, 877 F.2d 281, 287-88 (4th Cir. 1989).

Jacobs' attorney next asserts as a potential claim that the district court should have granted Jacobs' motion for a new trial based on newly discovered evidence. This Court reviews the decision to deny a new trial for an abuse of discretion. See United States v. Singh, 54 F.3d 1182, 1190 (4th Cir. 1995). A new trial may be granted on the basis of newly discovered evidence if new evidence has come to light which was not previously known to the defendant despite due diligence on his part. See United States v. Custis , 988 F.2d 1355, 1359 (4th Cir. 1993). The evidence must be material, not merely cumulative or impeaching, and of such a quality that a new trial would probably result in an acquittal. Id. This court has articulated a different test for when a new trial should be granted based on post-trial allegations that a material witness committed perjury. Under that test, the court must be reasonably satisfied that the testimony given was false, that without the testimony the jury might have reached a different conclusion, and the party seeking the new trial must have been surprised and unable to meet the alleged perjured testimony. See United States v. Wallace, 528 F.2d 863, 866 (4th Cir. 1976). A district court's refusal to grant a new trial based upon perjured testimony is also reviewed for an abuse of discretion. United States v. Dorlouis, 107 F.3d 248, 254, 257 (4th Cir. 1997), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3861 (U.S. June 27, 1997) (No. 96-9613).

3

Jacobs fails to demonstrate that the district court abused its discretion in denying his motion for a new trial under either of the above tests. We agree with the district court that codefendant Dennis Pestis' post-trial statement did not contradict his trial testimony. The discrepancies between Pettis' statements were de minimis and even had Pettis testified in accordance with his post-trial statement such testimony would not have affected the trial outcome. Therefore the court did not err in denying Jacobs' motion for a new trial on the basis of newly discovered evidence. Finally, we find no error in the district court's denial of Jacobs' motion for a new trial alleging that there was insufficient evidence to support his conviction.

In accordance with Anders, we have examined the entire record in these cases and find no reversible error. We therefore affirm Jacobs' conviction. This court requires that counsel inform his client in writing of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. See Local Rule 46(d). Counsel's motion must state that a copy thereof was served on the client. See id. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

AFFIRMED

4