**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4043

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHANNON CAVE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  James C. Turk, Senior District Judge.  (7:03-cr-00157-jct)

Submitted:  September 27, 2006      Decided:  October 27, 2006

Before NIEMEYER and WILLIAMS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Onzlee Ware, WARE & HILL, L.L.P., Roanoke, Virginia, for Appellant. John L. Brownlee, United States Attorney, R. Andrew Bassford, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Shannon Cave appeals his conviction by a jury for possession with intent to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) (2000). The district court sentenced Cave to life imprisonment. On appeal, Cave's attorney filed a formal brief, raising two grounds of error. Cave then filed a pro se motion to strike the formal brief and a motion for leave to file a pro se supplemental brief. We have considered the claims in the formal brief and the pro se supplemental brief. Finding no merit to the claims, we affirm.

First, Cave challenges the sufficiency of the evidence against him. A defendant challenging the sufficiency of the evidence faces a heavy burden. See United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). In reviewing a sufficiency challenge, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). This court "ha[s] defined 'substantial evidence,' in the context of a criminal action, as that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996)).

Cave claims the evidence was insufficient because the evidence does not show he had knowledge that a box he dropped from a window contained cocaine, or that he intended to distribute the cocaine. However, taken in the light most favorable to the Government, there was ample evidence to convict Cave. This court will uphold the jury's verdict if there is substantial evidence to support it, and will reverse only in those rare cases "where the prosecution's failure is clear." Beidler, 110 F.3d at 1067 (quoting Burks v. United States, 437 U.S. 1, 17 (1978)). Trooper Brannock saw Cave drop the box later determined to contain cocaine base out of a bathroom window. Sherwood Barksdale, a prisoner subsequently incarcerated with Cave, testified that Cave admitted that he transported the cocaine base to the residence and had dropped it out the bathroom window. Finally, a Government expert testified that the amount and packaging of the cocaine base in the box was consistent with distribution and inconsistent with personal use. We find that viewing all the evidence together, there was more than sufficient evidence for a reasonable finder of fact to conclude that Cave was guilty.

Cave also argues the district court erred when it denied his motion for a new trial based on the perjured testimony of fellow prisoner Jesse Hairston. Pursuant to Rule 33 of the Federal Rules of Criminal Procedure, a district court may grant a defendant's motion for a new trial "if the interest of justice so

- 3 -

requires." Fed. R. Crim. P. 33(a). A district court "'should exercise its discretion to grant a new trial sparingly,' and . . . should do so 'only when the evidence weighs heavily against the verdict.'" United States v. Perry, 335 F.3d 316, 320 (4th Cir. 2003) (quoting United States v. Wilson, 118 F.3d 228, 237 (4th Cir. 1997) (internal quotation marks omitted). This court reviews the denial of a Rule 33 motion for abuse of discretion. United States v. Adam, 70 F.3d 776, 779 (4th Cir. 1995).

Cave contends that he has met the standard for a new trial under the Larrison rule. See Larrison v. United States, 24 F.2d 82, 87-88 (7th Cir. 1928), overruled by United States v. Mitrione, 357 F.3d 712 (7th Cir. 2004) (adopting reasonable probability test). According to that standard--which has been the test employed in this Circuit--the district court may grant a new trial following the recantation of a government witness' testimony if the court is "reasonably well satisfied" that: (1) "the testimony given by a material witness is false," (2) "without it the jury might have reached a different conclusion," and (3) "the party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after the trial." United States v. Wallace, 528 F.2d 863, 866 (4th Cir. 1976) (quoting Larrison, 24 F.2d at 87-88). See also United States v. Lofton, 233 F.3d 313, 318 (4th Cir. 2000).

We find that the district court did not abuse its discretion in denying Cave's motion for a new trial because Cave cannot satisfy the second prong under Larrison. Hairston's testimony was simply cumulative of the testimony given by inmate Barksdale. Even without Hairston's testimony, the uncontroverted evidence is that Trooper Brannock saw Cave drop the box of cocaine base from the bathroom window, and Cave admitted his conduct to Barksdale.

In his pro se supplemental brief, Cave alleges that the trial court erred by failing to inquire into his prior convictions as required by 21 U.S.C. § 851 (2000). Cave contends that the district court incorrectly added one point to his criminal history score by adding one point for his state conviction for conspiracy to possess with intent to distribute marijuana in the fourth degree. Cave contends that this prior conviction does not qualify as a "felony drug offense." Cave argues that he would have corrected the court's alleged error had the court asked him about the prior conviction at the sentencing hearing. Finally, Cave argues that his counsel was ineffective for failing to raise the issue at trial.

Because Cave raises the § 851 issue for the first time on appeal, it is reviewed for plain error. The procedure set forth in § 851(b) "provides the defendant with a full and fair opportunity to establish that he is not the previously convicted individual or

- 5 -

that the conviction is an inappropriate basis for enhancement." United States v. Ellis, 326 F.3d 593, 599 (4th Cir. 2003) (quoting United States v. Campbell, 980 F.2d 245, 252 (4th Cir. 1992)). Even if the district court does not act in strict compliance with § 851, on plain error review, Cave "must prove that the error 'actually affected the outcome of the proceedings.'" Ellis, 326 F.3d at 599 (quoting United States v. Hastings, 134 F.3d 235, 240 (4th Cir. 1998)).

We find Cave fails to demonstrate any error committed by the district court that affected the outcome of the sentencing proceeding. Prior to the sentencing, Cave received notice of the precise conviction that would form the basis for his enhancement. The court asked defense counsel whether he and Cave had read the presentence report and whether there were any objections to it. Counsel answered that they had discussed it and there were no objections. In addition, we have reviewed the district court's criminal history calculation and find the court did not err. As a result, Cave cannot demonstrate prejudice with respect to the § 851 claim or an ineffective assistance of counsel claim. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).

For these reasons, we deny Cave's motion to strike the formal brief filed by his attorney, grant Cave's motion to file a pro se supplemental brief, and affirm Cave's conviction and sentence. We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>