**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-5138**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JULIUS CHRISTOPHER CLAYTOR,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  James C. Turk, Senior District Judge.  (CR-05-7)

_____

Submitted:  October 25, 2006       Decided:  December 5, 2006

_____

Before WILKINSON, MICHAEL, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

John Weber III, WEBER PEARSON PC, Roanoke, Virginia, for Appellant. John L. Brownlee, United States Attorney, Edward A. Lustig, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Julius Christopher Claytor was convicted by a jury of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2000), and was sentenced to a total of 240 months' imprisonment. On appeal, Claytor raises four issues. For the reasons that follow, we affirm.

First, Claytor argues that the drugs and money found in his pants pockets should have been suppressed. This court reviews the district court's factual findings underlying a motion to suppress ruling for clear error, and the district court's legal determinations de novo. Ornelas v. United States, 517 U.S. 690, 699 (1996); United States v. Bush, 404 F.3d 263, 275 (4th Cir. 2005). When a suppression motion has been denied, this court reviews the evidence in the light most favorable to the Government. United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005). After having reviewed the transcript of the hearing of the motion to suppress, the parties' briefs, and the materials submitted in the joint appendix, we conclude that the evidence would have been inevitably discovered by lawful means, and we thus find no reversible error. See Nix v. Williams, 467 U.S. 431, 444 (1984).

Second, Claytor argues that the Government improperly used race in selecting his jury, in violation of Batson v. Kentucky, 476 U.S. 79 (1986). Generally, a Batson challenge consists of three steps: (1) the defendant makes out a prima facie case of discrimination; (2) the Government offers a race-neutral explanation; and (3) the trial court decides whether the defendant has carried his burden and proved purposeful discrimination. Purkett v. Elem, 514 U.S. 765, 767-68 (1995). Upon review of the jury selection transcript, we conclude that the district court did not clearly err in determining that Claytor did not meet his burden of proving purposeful discrimination in the jury selection.

Third, Claytor argues that the district court erred in denying his motion for judgment of acquittal and first motion for a new trial based on insufficient evidence. This court reviews de novo the district court's decision to deny a motion for judgment of acquittal. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998). This court reviews the district court's denial of a motion for new trial for abuse of discretion. United States v. Huggins, 191 F.3d 532, 536 (4th Cir. 1999). In evaluating the sufficiency of the evidence, this court does not review the credibility of witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the government. Id.; United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). The reviewing court must determine whether, viewing the evidence in the light most

favorable to the prosecution, any reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942). The reviewing court must consider circumstantial as well as direct evidence and allow the government the benefit of all reasonable inferences. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Our review of the record leads us to conclude that the evidence presented to the jury was sufficient to prove that Claytor possessed with intent to distribute cocaine; possessed a firearm in furtherance of a drug trafficking crime; and possessed a firearm as a convicted felon. We therefore affirm the district court's denial of Claytor's motion for judgment of acquittal and first motion for a new trial.

Finally, Claytor argues that the district court erred in denying his second motion for a new trial based on an affidavit submitted by Monique Preston, in which she recanted portions of her Grand Jury and trial testimony. When a witness recants testimony given at trial, a new trial should be granted only when: (1) the court is reasonably satisfied that the testimony given by a material witness is false; (2) without the evidence a jury might have reached a different conclusion; and (3) the party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after the trial. United States v. Wallace, 528 F.2d 863, 866 (4th

Cir. 1976); see also United States v. Carmichael, 726 F.2d 158, 160 (4th Cir. 1984) (noting the "[f]indings of the district court made on a motion for a new trial based on newly discovered evidence should not be disturbed except for the most extraordinary circumstances"). The failure to meet any one of the Wallace test's three prongs is fatal. Carmichael, 726 F.2d at 159. Post-trial recantations of testimony are "looked upon with the utmost suspicion." United States v. Johnson, 487 F.2d 1278, 1279 (4th Cir. 1973) (citations omitted). A thorough review of the record reveals that the district court did not abuse its discretion in denying Claytor's motion for a new trial. The district court was reasonably unconvinced by the truthfulness of Preston's recantation, and there is no evidence that the jury would have reached a different conclusion, or that Claytor was taken by surprise.

For the reasons stated herein, we affirm Claytor's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED