**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4317

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHURAY VONIQUE BYNUM,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca Beach Smith, District Judge. (2:05-cr-00084-RBS)

Submitted: March 19, 2007          Decided: April 3, 2007

Before WILLIAMS, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jennifer T. Stanton, Norfolk, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Andrew M. Robbins, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shuray Bynum was indicted after the police discovered (pursuant to a search warrant) crack cocaine and drug dealing paraphernalia in her residence. She was tried and convicted of conspiracy to possess with the intent to distribute cocaine base, 21 U.S.C. § 846, possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(2), and maintaining a drug-involved premises, 21 U.S.C. § 856(a)(1). Bynum appeals both her convictions and sentence. We find no reversible error and therefore affirm.

I.

On April 7, 2005, the Portsmouth, Virginia, police received a tip from a confidential informant (CI) that Calvin "Teko" Coston was sitting in a white Honda Civic parked at the corner of Astor Avenue and Pinewell Street and that he had crack cocaine concealed in his buttocks area. Three officers drove to the location and saw a white Honda Civic with two males in the front seat. The officers approached the car and observed the male in the passenger seat reach toward the rear waistband of his pants. The officers opened the front door of the car and ordered the passenger to show his hands. One officer immediately recognized the man as Calvin Coston.

The officer patted down Coston and detected a "hard, lumpy ball" concealed in his underwear. The officer retrieved the

2

item, which was a bag containing 4.020 grams of crack cocaine. The officers also recovered $392 from Coston's jacket pockets.

Shortly after Coston's arrest, the CI informed the police that Coston kept more drugs and firearms at his residence, which he shared with Bynum, at 80 Cushing Street. The CI also stated that he had personally observed drugs and firearms at Coston's residence within the previous 72 hours. Coston admitted to the police that he lived at 80 Cushing Street with Bynum. A check of the Honda's license plate also revealed that the car was registered to Bynum. Based on this information and the crack recovered from Coston's body, the police obtained a search warrant for the 80 Cushing Street residence.

While the search warrant was being prepared, several officers went to 80 Cushing Street to secure the premises. Bynum arrived at the scene shortly thereafter and attempted to enter her first floor bedroom. She argued with the police, who prevented her from entering. Bynum then sped away in her car. She returned twenty minutes later, insisted on entering the house, and attempted to push her way past the police. The police responded this time by placing her in a patrol car.

The search of Bynum's bedroom yielded drugs, cash, and evidence of drug distribution. In the top drawer of her dresser, the police discovered a "packaging station" that included a digital scale, plastic baggies, and razor blades. Another dresser drawer

3

contained a second scale and $560 in cash. Three bags, containing 99.043 grams of cocaine base, were hidden in clothes belonging to Coston. The police also recovered a Ruger nine millimeter handgun and ammunition from a container filled with women's clothes.

After a two-day trial the jury found Bynum guilty of conspiracy to possess with the intent to distribute crack cocaine, possession of a firearm by a felon, and maintaining a drug premises. In the special verdict form the jury found that Bynum conspired to distribute less than five grams of crack cocaine. At sentencing the district court calculated the Sentencing Guidelines range based on its determination that Bynum was responsible for 110 grams of crack and sentenced her to 151 months' imprisonment.

## II.

Bynum argues that the search warrant was invalid, the evidence was insufficient to support her convictions, the district court erred in giving a willful blindness instruction, the court erred in denying her motion for a new trial, and the sentence violated her Sixth Amendment rights. We consider these arguments in turn.

## A.

First, Bynum argues that the police committed an illegal search of Coston, rendering invalid the resulting search warrant for the house where she and Coston lived. A defendant can

4

challenge the search of a third party only if she has a reasonable expectation of privacy in the area searched or the property seized. See Rakas v. Illinois, 439 U.S. 128, 143 (1978); United States v. Al-Talib, 55 F.3d 923, 930 (4th Cir. 1995). The police recovered the crack cocaine from Coston's body. Because Bynum does not have a reasonable expectation of privacy with respect to Coston's body, she does not have standing to challenge his body search.

B.

Second, Bynum argues that there was insufficient evidence to support the verdict because the government did not prove that she had any knowledge of the drugs or handgun in her bedroom. The verdict must be upheld on appeal "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). The trial record contains substantial evidence that Bynum was aware of the contraband in her house and was a willing participant in the conspiracy to distribute the drugs. The police uncovered drugs and drug paraphernalia throughout her bedroom. They also uncovered a gun and ammunition in a box containing her clothes. Furthermore, Bynum's frantic attempts to enter her bedroom before the police executed the search warrant indicate that she was aware of the incriminating evidence located there.

C.

Third, Bynum argues that the jury instruction on willful blindness was inappropriate because she never testified that she was unaware of the contraband in her bedroom. "A willful blindness instruction is appropriate when the defendant asserts a lack of guilty knowledge but the evidence supports an inference of deliberate ignorance." United States v. Guay, 108 F.3d 545, 551 (4th Cir. 1997). Although Bynum did not take the witness stand, her lawyer argued at closing that she was ignorant of Coston's activities in her own bedroom, where Coston spent at least several nights a week. Bynum therefore asserted a lack of guilty knowledge.

We also reject Bynum's contention that there was no evidentiary foundation for the willful blindness instruction. The evidence supported an inference of deliberate ignorance. The presence of contraband in Bynum's bedroom, and her frantic attempts to enter the bedroom once the police arrived, support the inference that she had knowledge of what was concealed there.

D.

Fourth, Bynum argues that the district court erred in denying her motion for a new trial. She contends that a new trial is warranted on two grounds: (1) a government witness gave false testimony at trial and (2) juror misconduct. The district court

6

did not abuse its discretion, see United States v. West, 877 F.2d 281, 287-88 (4th Cir. 1989), in denying this motion.

1.

Bynum contends that a new trial is warranted because Officer McAndrew, a government witness, falsely testified that her Honda Civic was registered to 112 Ivey Street. A new trial may be ordered when (1) a material witness gives false testimony, (2) the false testimony might have affected the jury's verdict, and (3) the moving party was "taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after the trial." United States v. Wallace, 528 F.2d 863, 866 (4th Cir. 1976).

We will assume that Bynum can establish the first two elements of this test. First, the Honda Civic was not registered to 112 Ivey Street as McAndrew testified, but to 80 Cushing Street. Second, the testimony may have caused the jury to infer that Bynum intentionally registered the Honda Civic, which Coston used to sell drugs, to a false address in order to prevent the police from linking the car to the location where the drugs were kept. Bynum, however, fails to meet the third element because she clearly knew the Civic was registered to 80 Cushing Street and could have rebutted McAndrew's testimony before the trial concluded.

2.

Bynum argues that the district court should have declared a mistrial due to improper extraneous influences on the jury foreperson. Shortly after the jury returned its verdict, one of the jurors informed the district court that the foreperson had commented earlier that she was uncomfortable because she knew Coston's family. The court then questioned the foreperson about her remarks. The foreperson stated that during the trial she realized that one of her relatives had dated Coston before he went to jail. She explained that she did not inform the judge of this fact during voir dire because she had never met Coston personally and knew him solely by his nickname, "Teko." J.A. 874-75. She then stated that she felt uncomfortable at times during the trial because she thought that Coston's family was looking at her. She said, however, that this did not affect her judgment.

The foreperson's realization is the sort of internal influence that is not subject to judicial inquiry. See Tanner v. United States, 483 U.S. 107, 117-21 (1987). There is no evidence that there were any improper contacts with the foreperson or that the foreperson was biased against Bynum. Thus, the district court properly refused to overturn the jury's verdict or inquire into the internal deliberations of the jury.

E.

Finally, Bynum argues that the court violated her Sixth Amendment rights by calculating her sentence on a drug quantity (110 grams) which exceeded that determined by the jury (less than 5 grams). This argument also fails. After the jury renders its verdict, the sentencing judge makes the factual determinations necessary to calculate the appropriate guidelines range. See, e.g., United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005); United States v. Vaughn, 430 F.3d 518, 526 (2d Cir. 2005). The judge may consider the jury's factual findings, but must independently determine the relevant sentencing facts based on a preponderance of the evidence. See United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005); United States v. Yeje-Cabrera, 430 F.3d 1, 13 (1st Cir. 2005). This judicial factfinding does not violate the Sixth Amendment so long as the facts determined by the judge do not enhance the defendant's sentence beyond the time authorized by the jury verdict. See United States v. Booker, 125 S. Ct. 738, 756-57 (2005); see also Hughes, 401 F.3d at 546; Vaughn, 430 F.3d at 525-26. In Bynum's case her conviction under 21 U.S.C. § 841(b)(1)(C) authorized a maximum sentence of thirty years. The sentence actually imposed, 151 months, does not exceed this statutory maximum. Thus, there is no Sixth Amendment violation.

* * *

For the foregoing reasons, Bynum's convictions and sentence are affirmed.

AFFIRMED